# Butler *v.* Butler *et al.*

*Statutory Action in the Nature of Ejectment.*

1. *Ejectment; when adverse possession shown.*—In an action of ejectment, where the plaintiffs claim title as heirs at law of their deceased father, and the defendant who was also a son of the deceased claimed title by adverse possession, and it is shown without conflict that during the period of defendant's occupation of the land down to the death of the father, the father lived on the land with the defendant and his family, that the defendant gave in the lands for taxes in the name of

[Butler v. Butler *et al.*]

his father, and by other unequivocal acts recognized the latter's title to the land, and the evidence further shows that the defendant entered into possession by permission of the father and not in hostility to him, the law in such case refers the possession to the title, and the defendant is shown not to have been in adverse possession; and under such evidence the plaintiffs will be entitled to recover.

2. *Same; adverse possession; when declarations by defendant not admissible in evidence.*—In an action of ejectment, where the plaintiffs claim title as heirs at law of their deceased father, and the defendant who was also a son of the deceased claims title by adverse possession, and it is shown that during the period of the defendant's occupation of the land down to the death of the father, the latter also lived on the land with the defendant and his family, and by unequivocal acts throughout that period recognized the title of his father to the lands, and that his possession was acquired by permission of the father, declarations of the defendant to a third person that he claimed the land as his own, are of no consequence, and are immaterial and inadmissible in evidence.

3. *Same; same; inadmissible evidence.*—In such a case, the declarations of the father and the fact that he had given the land to the defendant and that he had put the defendant in possession are inadmissible in evidence.

4. *Ejectment by tenants in common; proper judgment therein.*—In an action of ejectment, where the plaintiffs and defendants are tenants in common, and the plaintiffs claim an undivided interest in said lands, upon a verdict returned in favor of the plaintiffs, a judgment in their favor declaring that they recover of the defendant the undivided interest sued for in the complaint is proper, and in such case it is not material whether all of the tenants in common are joined in the action.

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. A. H. ALSTON.

This was a statutory action of ejectment brought by the appellees against the appellant, to recover the possession of an undivided three-fourths interest in certain lands specifically described in the complaint.

The cause was tried upon the plea of the general issue. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

There were verdict for the plaintiffs, and judgment was

[Butler v. Butler *et al.*]

rendered in favor of the plaintiffs, declaring that they were entitled to the undivided three-fourths interest in the lands described in the complaint. From this judgment the defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

B. B. & W. H. BRIDGES and OLIVER & OVERTON, for appellant.—Judgment can be recovered by the plaintiff only to the extent of his interest in the demanded premises according to his right and title therein as proven.—6 Am. & Eng. Ency. Law (1st ed.), 245; *Nye v. Lovitt*, 24 S. E. Rep. 345.

Declarations of a person who is in possession of property made in good faith, explanatory of his possession, are competent and admissible as part of the *res gestae*, whenever the fact of possession itself is pertinent to the issue, no matter who may be the parties to the litigation.—*Humes v. O'Bryan & Washington*, 74 Ala. 64; *Dothard v. Denson*, 72 Ala. 541; *Kirkland v. Trott*, 66 Ala. 417; 1 Greenleaf on Evidence, § 109; *Fontaine v. Beers*, 19 Ala. 722; *Bliss v. Winston*, 1 Ala. 344.

Declarations or entries made by a person since deceased, against his interest at the time, are admissible against a third person whose right may be affected. *Hart v. Kendall*, 82 Ala. 144; *Humes v. O'Bryan & Washington, supra; Beasley v. Clark*, 14 So. Rep. 744; *Beasley v. Howell*, 117 Ala. 499; 1 Greenleaf on Evidence, *supra; Fontaine v. Beers, supra; Bliss v. Winston, supra; Pittman v. Pittman*, 124 Ala. 306; *Wisdom v. Reeves*, 110 Ala. 418.

The fact of adverse possession cannot be proven by reputation.—*Woods v. Montevallo C. & T. Co.*, 84 Ala. 569; *Humes v. O'Bryan & Washington, supra; Benje v. Creagh's Admr.*, 21 Ala. 151.

SAMUEL HENDERSON, *contra*, cited Sedgwick & Wait on Trial of Title to Land (2d ed.), § 733; Newell on Ejectment, 723, § 33; *Jones v. Pelham*, 84 Ala. 208.

McCLELLAN, C. J.—This statutory action in the nature of ejectment is prosecuted by Clark Butler and

others, sons and daughters of W. H. Butler, deceased, against Daniel Butler, also a son of said W. H.. Butler. Plaintiffs derive their title as heirs at law of their father. Defendant, conceding the original title of the father, claims that the title is now vested in him by adverse possession. It is shown without conflict that during all the period of defendant's occupation of the land down to the death of W. H. Butler in January, 1899, the latter was also living on the land, he and defendant and defendant's family living together thereon. The law in such cases refers the possession to the title, and, hence, *prima facie* the possession throughout that period was in W. H. Butler, and defendant had no possession adverse to him. It is shown, also without conflict, that, so far from claiming adversely to his father, Daniel Butler by unequivocal acts, such as giving the land in for taxes in the name of his father, throughout that period recognized the title of W. H. Butler in and to the premises. Nor is there any room for controversy on the evidence adduced or offered that Daniel entered not in hostility to but by permission of W. H. Butler. And if he ever at any time brought home to his father a knowledge of a disavowal of the servient and permissive character of his occupation, there is no hint of it in the evidence introduced on the trial. In the absence of such evidence the fact that the defendant declared to third persons that he claimed the land as his own was of no consequence, and evidence of it was properly excluded from the jury.—*Jones v. Pelham,* 84 Ala. 208.

Nor did the court err in excluding the proposed evidence as to declarations of W. H. Butler to the effect that he had given the land to Daniel, the defendant. Of course, these declarations were not competent, and they were not offered to show a conveyance to Daniel. Their sole office in the case would have been to show that Daniel, and not W. H., held the possession of the premises, and that the possession of the former was adverse to the latter. Considered as showing this, they also necessarily showed their own incompetency, since with the declarant out of possession there was no predicate

for his declarations, they were not within the doctrine of *res gestae*, or any exception to the rule against hearsay.

As to the further declarations of W. H. Butler to the effect that he had put Daniel in possession, it need only to be said that their tendency was to prove what was not controverted in the case and what was of detriment rather than advantage to the defendant, to-wit, that Daniel entered and held possession by permission of his father.

On the considerations adverted to first above with the evidence as it was before the jury, the plaintiffs were entitled to the affirmative charge which the court gave; and they would have been none the less so entitled had the testimony of Whit Butler that he "never knew it to be anybody's lands but W. H. Butler's" and of T. J. Lovvorn that he "never heard of anybody claiming the land but W. H. Butler," been excluded. Hence we need not inquire whether the court's rulings in respect of said testimony were correct or not.

Plaintiffs and defendant being tenants in common in the land as heirs at law of W. H. Butler, deceased, the effect of the judgment for plaintiffs is to let them into possession with the defendant. As each one of the dispossessed tenants is entitled to be thus let in, it is not material whether all of them have joined in this action.

Affirmed.