# Boykin *v.* Collins.

## *Statutory Action of Ejectment.*

1. *Jurisdiction of court of chancery for removal of disabilities of non-age; averment of petition.*—Where a petition is filed in the chancery court on behalf of a minor, asking that the minor be relieved of the disabilities of non-age, as provided by statute, (Code, §§ 829-835), it is not essential to the court's acquiring jurisdiction, that it should be alleged in the petition, that the relief therein sought would be to the interest of the minor.

2. *Same; publication of notice not essential to jurisdiction.*—In a proceeding in a court of chancery, to relieve a minor of the disabilities of non-age, the publishing by the register of the notice of filing of said petition is not essential to the court's acquiring jurisdiction; and, therefore, the fact that the records of the chancery court are silent as to whether the register published notice as to the filing of the petition, does not show, on collateral inquiry, that the decree relieving the disabilities of non-age was void.

3. *Same; recital of decree as to benefit to minor.*—In a proceeding to relieve a minor of the disabilities of non-age, the recital

in a decree granting the relief prayed for, that from the petition and the evidence, the court was of the opinion that "it will be to the interest of said" minor, "to be be relieved of the disabilities of non-age, shows a compliance with the statthe disabilities of non-age," shows a compliance with the statute, (Code, § 833), and does not render such decree subject to the criticism that it was not shown that the court was satisfied that the granting of the relief of the petitioner was to his immediate, as well as his prospective interests.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

This was a statutory action of ejectment, brought by the appellant, F. M. Boykin, against the appellee, Joseph S. Collins, to recover the psssession of lands specifically described in the complaint. The lands had formerly belonged to the plaintiff. The grounds of the plaintiff's contention and the facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion. The decree which was rendered by the city court of Montgomery in equity, upon the petition filed by the plaintiff to be relieved of his disabilities of non-age, were in words and figures as follows: "Petition to relieve the said Marshall Boykin of the disabilities of non-age. This cause coming on to be heard on the day set for the hearing of the same, to-wit, on the 20th day of February, 1893, and it appearing to the satisfaction of the court, from an inspection of the petition in the cause and from the affidavits of George Stuart and J. B. Trimble, filed therein, that it will be to the interest of the said Marshall Boykin to be relieved of the disabilities of non-age, and that the said Marshall Boykin is over the age of eighteen years, and of discreet and mature judgment and competent to manage his own property and business,

"It is, therefore, ordered, adjudged and decreed that the disabilities of non-age of the said Marshall Boykin, be and the same are hereby removed so as to invest him with the right to sue and be sued, contract and be contracted with, to buy, sell and convey real estate, and generally to do and perform all acts which such minor could lawfully do if twenty-one years of age."

[Boykin v. Collins.]

The cause was tried by the court without the intervention of a jury, upon an agreed statement of facts, and upon such facts the court rendered judgment in favor of the defendant, to the rendition of which judgment the plaintiff duly excepted.   The plaintiff appeals, and assigns as error the rendition of judgment in favor of the defendant.

J. M. CHILTON, for appellant.—While courts of chancery are courts of general jurisdiction, they exercise in matters of this kind a limited jurisdiction or special statutory power, which stands on the same footing as. courts of limited and inferior jurisdiction.—Code of Alabama, §§ 829, 835; *Cohen v. Wollner,* 72 Ala. 233; *Ashford v. Watkins,* 70 Ala. 156; *Doe v. Burke,* 74 Ala. 530; *Falk v. Hecht,* 75 Ala. 293; *King v. Bolling,* 75 Ala. 306; *Meyer v. Sulzbacher,* 76 Ala. 120; *Hatcher v. Riggs,* 76 Ala. 189; *Pollard v. A. F. L. M. Co.,* 103 Ala. 289; *Cox v. Johnson,* 80 Ala. 22.   While the records of such courts may be impeached by showing a want of jurisdiction, they cannot be sustained by proof of facts *aliunde,* but every fact necessary to sustain the judgment must affirmatively appear. The records must show every fact essential to the validity of their judgments. See cases cited *supra; Lister v. Vivian,* 8 Port. 375; *Commissioners v. Thompson,* 18 Ala. 694; *Owen v. Jordan,* 27 Ala. 608; *Nowlin v. McCalley,* 31 Ala. 678.

The petition or application must disclose the facts which authorized the court to proceed to the rendition of the decree.-- *Gunn v. Howell,* 27 Ala. 663; *Foster v. Glazener,* 27 Ala. 391.

GORDON MACDONALD, *contra.*—Section 831 of the Code does require the register on such applications as made by appellant to give notice of the filing of the petition, but section 832, which prescribes what the decree should contain says nothing about a finding that such decree should recite the publication.   This being so the presumption is, on collateral attack, that publication *was* had.   Such is the law in all cases of this character where the record shows the vesting of jurisdiction in the first

instance.—*Pollard v. Hanrick,* 74 Ala. 334; *Field v. Goldsby,* 28 Ala. 218.

SHARPE, J.—This appeal is from a judgment rendered for the defendant in a statutory action of ejectment. Defendant holds the lands under a deed for a half interest therein executed by the plaintiff when he was a minor, but subsequent to a chancery decree for the removal of his disabilities of non-age. The trial was had upon agreement of facts together with an agreement providing in substance that the judgment should turn upon the validity *vel non* of the proceedings for removing plaintiff's disabilities and be rendered for him only in the event these proceedings were void.

The chancery proceedings were begun by a petition filed on the 16th day of January, 1893, by plaintiff and his guardian under that provision of the statute which authorizes the removal of a minor's disabilities, "whenever such minor having no father or mother but having a guardian shall petition the chancery court to be relieved from the disabilities, and the guardian shall join in such petition and the court shall be satisfied that it is to the interest of such minor."—Subdivision 3, § 829 of the present Code, Code of 1886, § 2357. Affidavits were taken in support of the petition, and on February 20th, 1893, that being the day set for the hearing, the decree was rendered. The validity of these proceedings is questioned only upon the ground that in the petition it was not alleged that the relief therein sought would be to the interest of the plaintiff; that the chancery records are silent as to whether the register published notice of the filing of the petition; and that they do not show the court was satisfied, the granting of relief was to the plaintiff's immediate as well as to his prospective interest.

1. Power in courts of chancery and chancellors for the removal of disabilities of non-age exists only by virtue of the statute referred to, and can be called into exercise only by a petition conforming substantially to the statutory requirements. The statute, however, does not either in terms or by fair construction, require that the

petition shall contain any averment to effect that to grant the same would subserve the minor's interest. Such an averment would be of a mere conclusion as to a result and not of a fact of jurisdictional or other character.

2. The filing of the petition established the jurisdiction over its subject matter and jurisdiction over persons was not lacking. The duty of publishing notice enjoined on the register by the statute (Code, 1886, § 2359; present Code, § 831), is created to the end of affording opportunity for contests under section 832 of the Code of 1896. Such contests are purely vicarious and the provisions therefor do not imply a necessity for the acquirement of jurisdiction of persons other than the petitioners. A failure on the part of the register to perform that duty would be an irregularity in procedure, affecting the propriety, but not the power, of rendering a decree on the merits of the cause. Therefore, conceding that the chancery court in acting for the removal of plaintiff's disabilities was on the plane of a court of statutory powers and that the validity of its proceedings in that matter is dependent upon the disclosure on the face thereof of everything essential to jurisdiction, yet, the publishing of notice not being so essential, the silence of the record in respect thereto does not in this collateral inquiry show the decree to be void. To this conclusion the decision in *Cox v. Johnson,* 80 Ala. 22, and those in other cases cited for appellant are not opposed.

3. There is no force in the criticism made of that part of the decree which is recitative of the court's conclusion from the petition and evidence that "it will be to the interest of the said Marshall Boykin to be relieved of the disabilities of non-age." That recitation is in conformity with section 833 of the Code of 1896. The judgment appealed from will be affirmed.

Affirmed.