# Ketchum *v.* Faircloth-Segrest Co.

## *Detinue.*

(Decided April 23, 1908. 46 South. 476.)

1. *Infants; Removal of Disability; Decree.*—Under section 833, Code 1896, a decree which is rendered and enrolled declaring that the minor is authorized to sue and be sued, is sufficient for the removal of the disabilities of non age; it is not necessary that it specifically decree that the minor is relieved of the disability of non-age.

2. *Decree; Filing for Record.*—Under section 835, it is not essential that the decree be recorded before the minor is relieved of the disabilities of non-age. Under that section it is the minor relieved of the disabilities of non age whose duty it is to file the decree for record, the relief emanating from the decree itself.

[Ketchum v. Faircloth-Segrest Co.]

3. *Same; Actions; Evidence.*—The certified transcript of the proceedings in the chancery court relieving the infant defendant of the disabilities of non age is admissible in an action for recovery of personal property under mortgages executed by the defendant while a minor.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by the Faircloth-Segrest Company against S. C. Ketchum. Judgment for plaintiff, and defendant appeals. Affirmed.

C. D. CARMICHAEL, for appellant. In removal of disabilities of nonage, the chancery court acts in accordance with the statute and is bound by their provisions.— *Cox v. Johnson,* 80 Ala. 22. Decree orders and adjudges that petitioner is entitled to relief but does not grant the relief.—*Thorn v. Wallner,* 72 Ala. 233; 140 Ala. 407. The decree should have been recorded.—*Wilkerson-Banks & Co. v. Buster,* 24 Ala. 574. It does not become effective until recorded.

W. O. MULKEY, for appellee. Counsel discusses assignments of error, but without citation of authority.

SIMPSON, J.—This action is detinue, brought by the appellee against the appellant, for certain personal property which was covered by certain mortgages executed by the defendant and owned by the plaintiff. The defendant was under the age of 21 years, but over the age of 18, when said mortgages were executed. The plea was the general issue, but the defendant introduced proof of his age, and the plaintiff introduced the petition in the chancery court to relieve the defendant of the disabilities of nonage, together with the proceedings thereon, including the decree.

17 C

[Ketchum v. Faircloth-Segrest Co.]

The only points argued by the appellant are: First, that the decree is void, because, instead of decreeing that the minor is relieved of the disabilities of nonage, it decrees "that petitioner is entitled to relief, and said minor, S. C. Ketchum, is authorized to sue and be sued, contract and be contracted with, buy and sell and convey real estate, and generally do and perform all acts which said minor could lawfully do and perform, if he were 21 years of age;" and, second, that it is void be-cause it has never been filed in the office of the probate judge.

As to the first, the statute does not prescribe the form of the decree, but merely provides that, if "the court shall be satisfied that it will be to the interest of such minor to be relieved from the disabilities, the court shall thereupon decree accordingly, and such decree shall have the effect of investing such minor with the right to sue and to be sued, contract and be contracted with, to buy, sell and convey real estate, and generally, to do and perform all acts which such minor could lawfully do if 21 yeras of age," unless the court chooses to limit it. Civ. Code 1896, § 833. If the decree had merely been that said minor is relieved of the disabilities of nonage, the effect of it would have been to confer the identical privileges which the decree specifically confers. It is an axiom in mathematics—and there is no reason why it is not true in law—that "things which are equal to the same thing are equal to each other." We hold this decree to be valid.

As to the second point, the statute provides that "every minor, relieved of the disabilities of nonage * * * must file a certified copy of the decree," etc. Civ. Code 1896, § 835. The statute does not provide that the decree shall not go into effect until the copy is filed, but, on the contrary, it is the "minor relieved of the dis-

[McKimmie v. E. E. Forbes Piano Co.]

abilities" who files it. In other words, it is not until he is relieved of the disabilities by the decree that he can file it. Whenever the decree is rendered he is relieved. This construction is further strengthened by the fact that the section, as it stood in the Civil Code of 1886 (section 2363), provided that the decree should not have effect until it was filed in the office of the probate judge, and that clause was dropped from the section as it was carried forward into the present Code.

There was no error in the action of the court in admitting the certified transcript of the proceeding in the chancery court, nor in giving the general charge for the plaintiff.

The judgment of the court is affirmed.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.