# Busbee, *et al. v.* Thomas, *et al.*

*Ejectment.*

(Decided January 18, 1912. 57 South. 587.)

1. *Ejectment; Evidence; Identification.*—In ejectment a plaintiff must identify the tract sued for with that described in a deed introduced as evidence of title; and where the description in the deed was by monuments and boundaries, it was necessary to locate such monuments and boundaries by competent evidence.

2. *Same.*—Possession under an ancient deed for more than fifty years is strong evidence that original boundaries mentioned in the deed are those of the land possessed.

3. *Same.*—The evidence examined and held sufficient to support a finding that the boundaries and monuments mentioned in an ancient deed introduced as evidence of title were the same as those of the tracts sued for.

[Bushee, et al. v. Thomas, et al.]

4. *Same.*—A question put to a witness in ejectment as to whether plaintiffs had exercised any acts of ownership over any of the land in suit, or anything else, in the last twenty-five years was objectionable as calling for matters outside the issue.

5. *Deeds; Property Conveyed; Certainty of Description.*—Where a deed locates land by monuments, courses and distances with a beginning point that is fixed and certain, and fixes the termini of the several boundaries, which are the corners of the tract, by stakes and intersection with a known section line, though it does not specify the distances, it is prima facie certain and admissible as evidence of title.

6. *Same; Construction; Power to Lay Off.*—Where the land to be taken was definitely described by monuments, boundaries and corners, it is not invalid as a grant of power to lay off land, which has never been exercised, though the deed states that the grantees are to have ten acres "as they want it."

7. *Boundaries; Evidence; Deeds.*—Where plaintiffs in ejectment relied on an ancient deed as evidence of title, and the defendants attacked the deed for uncertainty of description, and a witness testified that he had lived in the neighborhood of the land practically all of his life, that the original trustees under whom the plaintiff claimed were in possession of the tract before the war, and that he had seen a stake at the northeast corner frequently prior to 1860, it was for the jury, under the latitude allowed in proof of ancient boundaries, to say whether or not this stake was the stake referred to in the deed.

8. *Same; Conflicting Elements; Quantity.*—Neither weight nor effect will be given a description of a deed in terms of quantity, except for the purpose of relieving some otherwise irremediable ambiguity in the more particular description, and the specific description will control although the description by monument, corners and boundaries contains more than the amount specified by acres.

9. *Charities; Trustees; Capacity to Sue.*—Where the trustees of a school bring ejectment and are shown by the minutes of the school board to have been elected as such according to the terms of the deed under which they held, that they were serving in that capacity, and had been appointed as such by a regular and valid order of a register in chancery, under sections 6098, 6099, Code 1907, they were sufficiently qualified to bring such suit for lands conveyed as a charitable donation to the trustees of the school.

10. *Same; Election; Collateral Attack.*—Although the election of the trustees of a school may have been voidable at the instance of the cestui ques trust, it was not void, and hence, could not be assailed collaterally by attacking the capacity of such trustees in an ejectment suit for property conveyed in trust for the benefit of the school.

11. *Same.*—Although the election of the trustees under a deed of land for the maintenance of a school was not strictly regular, yet it cannot be declared void so as to incapacitate such trustees to bring ejectment to recover the trust property, where there was no fraud, and the election had remained unquestioned for a number of years.

[Busbee, et al. v. Thomas, et al.]

12. *Same; Appointment.*—Where the appointment of trustees under a deed to land for the maintenance of a school is neither void nor voidable their later appointment by a register in chancery under statutory regulation was void for want of jurisdiction, for, where the creator of a trust has provided a method for filling vacancies, and it is possible to so fill them, no other method is applicable, general provisions of law notwithstanding.

13. *Evidence; Conclusions.*—Acts of ownership are statements of collective fact, and a witness with a personal knowledge of the subject matter may testify whether a party has exercised acts of ownership over the land in suit in the last twenty-five years, without his testimony being objectionable as an opinion or conclusion.

14. *Same; Hearsay; Common Reputation.*—Because of its hearsay character, common reputation is not admissible in ejectment to prove the number of acres in the tract in suit.

15. *Witnesses; Examination; Repetition.*—Where a witness has stated fully and freely his knowledge of a matter inquired about, the refusal to allow a repetition of his testimony as to that fact is not error.

16. *Appeal and Error; Harmless Error; Evidence.*—Where the capacity of plaintiff was otherwise shown by uncontroverted evidence, it is not prejudicial error to admit proceedings and a void order of a register in chancery appointing such plaintiffs as trustees, the action being ejectment by such trustees as plaintiffs.

17. *Same; Instructions.*—It is not reversible error to give abstract instructions unless it clearly appears that the giving of the same was prejudicial.

18. *Same; Assignment; Waiver.*—The failure to argue or insist upon refused charges is a waiver of such assignment of error.

APPEAL from Coosa Circuit Court.

Heard before Hon. H. P. MERRITT, Special Judge.

Ejectment by E. W. Thomas and others, as trustees, against Lafayette L. Busbee and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

The oral charge of the court, excepted to, is as follows: "I charged you as a matter of law this morning that the boundaries govern, and that is still my charge to you. I simply reiterate that, where a deed sets out the boundaries and courses and distances, you must follow the boundaries, and even though it may name a certain number of acres, and according to the boundaries there will be a larger number of acres than named, the boundaries control."

The following charges were refused to defendant: (2) "I charge you that, unless you are reasonably satisfied from all the evidence in this case that the original trustees under the deed from Bradford and wife to said trustees laid off the land conveyed or attempted to be conveyed therein, and established the stakes therein specified, then the instrument is void, and cannot serve as a muniment of title. (3) "I charge you that, under the deed of Bradford and wife to the school trustees, it was necessary for the said trustees to lay off same within a reasonable time, and if they fail to do so, and have never done so, then the deed is void for uncertainty." (6) "I charge you that plaintiff cannot recover more than 10 acres of land under this deed of Bradford and wife to the trustees." (7) "I charge you that unless you are reasonably satisfied, from all the evidence in this case, that the original trustee under the deed from Bradford and wife, or their successors in office, laid off the land as directed by said deed, then you must find for the defendant." (8) "I charge you no survey by subsequent township trustees or district trustees could put into operation the deed of Bradford and wife to the school trustees; but, for the deed to have been made operative, it was necessary for the trustees of the property under the deed to lay it off, and, if they have not done so, you should find the issue in favor of the defendant." (9) "I charge you that the plaintiff cannot recover, unless you are reasonably satisfied from all the evidence that the original trustees under the deed from Bradford and wife laid off the land described in said deed, and that the tract as laid off contained not exceeding ten acres." (10) "I charge you that the courses and distances are not sufficiently described in said deed, so as to make the deed sufficiently certain." (11) "I charge you that the plaintiff cannot recover in

this action, unless you are reasonably satisfied from all the evidence that the original trustees under the deed from Bradford and wife to James A. Kelly and others laid off the lands described in said deed." (12) "I charge you that if you are reasonably satisfied, from all the evidence in this case, that it was the intention of Bradford and wife to convey only 10 acres to the school trustees, then plaintiff cannot recover the full amount of acres sued for."

RIDDLE, ELLIS, RIDDLE & PRUET, for appellant. The deed which conveys no particular spot of ground can convey no title.—6 Am. Dec. 666; 51 Am. Dec. 726. A deed conveying a specified parcel of land out of a larger tract is void if the location of the tract granted cannot be certainly ascertained.—29 South. 766; 84 Am. St. Rep. 652. Construction of deeds must be with the view and endeavor to give every part of it a meaning.—94 Am. Dec. 363. Parts of a deed inconsistent with the manifest intent of the grantor will be rejected.—27 Am. Dec. 554. Counsel discuss the charges refused but without citation of authority.

WHITSON & HARRISON, for appellee. Stakes are lost with the lapse of years, but where it cannot be otherwise established as to the division line, the stakes will govern.—4 A. & E. Enc. of aw, 778. Deeds inartificially drawn will be construed with greater latitude than when skillfully drawn.—Campbell v. Gilbert, 57 Ala. 570. Conveyances by metes and bounds will carry all the land within them, although it exceeds or falls short of the quantity specified.—4 A. & E. Enc. of Law, 763. Effect must be given to the intention of the parties, and the instrument must be construed in the light of the situation of the contracting parties at the time the deed

was made.—4 A. & E. Enc. of Law, 793-796; 45 Am. Dec. 745. It is only in the absence of monuments, courses and distances that the quantity of the land named in the deed will govern.—141 Fed. 711; 138 Ind. 297. Distances in description must always yield to fixed boundaries which are clearly and certainly established. —*Page v. Whatley*, 50 South. 116. Parol evidence is admissible for this purpose.—*Chambers v. Ringstaff*, 69 Ala. 140. The deed was not void for uncertainty.— *Dorgan v. Week*, 86 Ala. 329; *Homan v. Stewart*, 103 Ala. 650; *Cottingham v. Hill*, 119 Ala. 353. The creator of the trust may provide a method for filling vacancies. —26 A. & E. Enc. of Law, 964. The trustees were therefore entitled to maintain suit.—*Stewart v. White*, 128 Ala. 208. Their appointment or election could not be collaterally attacked.—*Gaines v. Harvin*, 19 Ala. 491; *Griffin v. Stoddard*, 12 Ala. 783.

SOMERVILLE, J.—The appellees sued the appellants in ejectment, and had verdict and judgment for the land sued for.

The issue in the trial court and on this appeal hinges upon the proper interpretation of the deed offered by plaintiffs in support of their title. This deed was executed in 1853 by the owner, one Bradford, to one Kelly and others, as trustees, principally for the maintenance of a school, and in part for other charitable uses. The plaintiffs constitute the present board of trustees, claiming in succession to those originally named in the grant. The deed conveys "the following described lot of land lying and being in the county of Coosa and state of Alabama, and being a part of section eight in township twenty-three and range twenty east, in the Tallapoosa land district, containing and bounded as follows; to wit: *Beginning at the line of section eight*

*where said line strikes Socapatoy creek; thence down the north bank of said creek to a stake; thence due north to a stake; thence east to a stake in said section line; thence south with said line to the beginning. Said lines to be run so as to contain ten acres, and the academy, and said trustees are to have said ten acres run so it contains the academy and the Baptist Church and ten acres of land as they want it.*"

The evidence shows with reasonable certainty that at the time of the grant in question an academy building stood near the southwest corner of the tract sued for, and a Baptist Church near the northeast corner; that for about 50 years past the tract has been commonly known as the "Bradford Academy Lot," and its boundaries and corners have been identified and well known to a number of people living in the neighborhood; that the entire tract contains about 17 acres; and that rectangular lines running from the eastern and southern boundaries (as fixed by the deed), so as to barely include the academy and church buildings as they originally stood, would inclose about 13 acres.

Defendants objected to the introduction of the Bradford deed, on the grounds (1) that it was void for uncertainty of description; (2) because it vested in the trustees merely a power to lay off 10 acres, as they pleased, so as to include the academy and church, and this power has never been executed; and (3) because it was not shown that plaintiffs are the persons who can recover under the deed.

The rules of interpretation which declare the primacy and effect of variant modes of description in deeds have been too often stated to permit of repetition here. It is obvious that the deed before us fully describes the tract of land intended to be conveyed by monuments, courses, and boundaries, located with reference to a beginning

[Busbee, et al. v. Thomas, et al.]

point that is fixed and certain, by means of which the entire tract can, or could originally, be definitely pointed out. It is true that distances are not specified; but the termini of the several boundaries, which are, of course, the corners of the tract, are fixed as to the western corners by stakes on the specified courses, and as to the eastern corners by the intersection of the courses with a known section line. The deed was therefore prima facie certain as to the land conveyed, and clearly admissible in evidence. It, of course, devolved on the plaintiffs to show the identity of the tract thus described with the tract sued for; and in doing this it was necessary by competent evidence to locate the monuments and boundaries set forth in the deed. As to this, the only points of real controversy were with respect to the two stakes which indicated the southwestern and northwestern corners, and with respect to the actual location of the western and northern boundaries.

H. R. Robbins, 64 years old, testified that he had lived in the neighborhood of the land practically all his life; that he attended school there as a boy; that he knew the original trustees; and that they were in possession of the tract of land sued for when he first knew it before the War, when it was used for school, church, and cemetery purposes.

In the absence of any surviving monuments at all, an ancient possession under an ancient deed might be sufficient evidence of the original boundaries mentioned in the deed; and when such possession continues uninterruptedly for nearly half a century the fact becomes very cogent indeed.—*Owen v. Bartholomew,* 9 Pick. (Mass.) 520; *Aldrich v. Griffith,* 66 Vt. 390, 29 Atl. 376.

But Robbins goes further and testifies to the presence of a stake at the northwest corner, which he had frequently seen when a schoolboy, prior, we may fairly

assume, to the year 1860.　Much latitude must be allowed in the proof of ancient boundaries, and it was clearly for the jury to say, from all the circumstances before them, whether this stake was the stake referred to in the deed.

It will be noted that, since the southwest corner and the lines of the southern and eastern boundaries were certainly known, and since the western and northern boundaries ran with the point of the compass and at right angles to each other, the location of the northwest corner would suffice to complete and close the entire boundary on all the four sides.

W. T. Smith, son of one of the original trustees, testified that he saw an iron post placed at the northwest corner more than 40 years ago; that about 30 years ago his father and one McKinney, who was also one of the original trustees, pointed out to him on the land the corners and marked boundaries of the academy lot, which were the same as those now claimed by the plaintiffs.　These boundaries were also shown to have been commonly known in the community for, perhaps, a generation or more.

This, and much other testimony of a similar nature, however strongly disputed, necessarily carried to the jury the issue of the identification of the land, and was sufficient in this aspect to support a verdict for the plaintiffs.—*C. & G. Ry. Co. v. Pilcher*, 163 Ala. 401, 51 South. 11.

Whatever notion the grantor, Bradford, or the trustees, or any one else, may have had as to the number of acres contained in the tract he granted by specific boundaries is wholly immaterial.　Even had he expressly declared an intention to convey only 10 acres, it would be unavailing to limit or qualify his definite description of the grant by monuments, corners and boun-

daries. This is a fixed rule of construction, and a rule of property as old as the common law; and neither weight nor effect is ever given to a description in terms of quantity, except for the purpose of relieving some otherwise irremediable ambiguity in the more particular description.—*Page v. Whatley*, 162 Ala. 473, 50 South. 116; *S. C. Cement Co. v. U. L. Cement Co.*, 138 Ind. 297, 37 N. E. 721. But we discover in the grantor's allusions to quantity no more than a mere estimate of the probable acreage of the tract; and, having regard to his plain purpose, we think he intended to limit the area downward, rather than upward. In any case, however, this specification must yield to the boundaries actually named.

The right of the plaintiffs to sue in the capacity of trustees was duly and reasonably shown. They were elected as such, as shown by the minutes of the board, and were serving in that capacity. If this were not enough, they were also appointed as such by a regular and valid order of the register in chancery, upon proceedings which were instituted and conducted in accordance with the statutes therefor provided. Sections 6098, 6099, Code 1907.

We are of the opinion, however, that the election of these trustees by even a minority of the full membership of the board, a majority of the membership being vacant, was not void, though the exercise of the power conferred by the deed to fill ensuing vacancies may have been conferred on a majority of the board. And we further hold that, even if such election were voidable at the instance of the cestuis que trustent, it could not be thus assailed by strangers thereto in a collateral proceeding. See *Gaines v. Harvin*, 19 Ala. 491, 498. Nor should such election, though not strictly regular, be declared void where there has been no fraud, and where

it has remained unquestioned for many years.—28 Am. & Eng. Ency. Law (2d Ed.) 966. The result of this view would render the register's appointments unnecessary, and therefore void for the want of jurisdiction; the rule being that, where the creator of the trust has provided a method for the filling of vacancies, this method will be carried out whenever possible, and vacancies can be filled in no other way, general provisions of law notwithstanding.—28 Am. & Eng. Ency. Law (2 Ed.) 965. Nevertheless, the admission of the proceedings and order in evidence was without prejudice to the defendants, since the capacity of the plaintiffs was otherwise sufficiently shown, and there was no conflict in the evidence with respect thereto.

Defendants asked their witness Selman, "Have the school trustees exercised any acts of ownership over any of that land or the academy, or anything else, in the last 25 years?" Objection to the question was sustained by the trial court. Acts of ownership are collective facts, and the form of this question was not objectionable, as calling for the witness' opinion or conclusion.—*Woodstock Iron Co. v. Roberts,* 87 Ala. 436, 6 South. 349. Nor, in view of some of the testimony introduced for plaintiffs, was the witness' negation of such acts other than rightful and proper. There are three reasons, however, any one of which might justify the rejection of the question: (1) It does not appear that the witness was qualified by any sufficient personal knowledge of the subject-matter of the inquiry to answer so sweeping a question; (2) the inquiry as to acts of ownership over "anything else" than the premises in dispute was outside the issue, and therefore irrelevant; and, (3) it conclusively appears from the bill of exceptions that this witness, in his testimony actually given, told all he knew about the trustees and their

acts of ownership and control over the land, and, indeed, specifically answered in the negative this very inquiry, a duplication of which was not a matter of right in the defendants.

For the reason last stated, the questions to the same witness, as to acts of ownership on the part of the trustees over that part of the land lying between the graveyard and Garrett's creek, were rejected without prejudice to defendants. The testimony of the witness to which we above refer will be found in the reporter's statement of the case.

Common reputation as to the number of acres in the academy tract was not admissible to prove that fact, even if the fact were relevant. It was but hearsay, and does not fall within any exception to the rule of exclusion.

That part of the court's oral charge to which exception was taken correctly stated the law, though its allusion to *distances* was abstract, so far as the present deed is concerned. This, however, as often declared, is not reversible error.

Charges 2, 3, 6, 7, 8, 9, and 11, refused to defendants, are framed on the mistaken theory that the Bradford deed vested in the trustees only a power to lay off 10 acres of land, in default of which they had taken nothing under the deed.

Charges 4, 5, and 6, not being argued, do not merit discussion.

Charge 10, that the corners and distances are not sufficiently described in the deed, is opposed to the views which we have declared on that subject.

Charge 12, also, is opposed to our ruling that Bradford's intention to convey only 10 acres was immaterial in the face of the specific description of the land conveyed.

We find no error in the record prejudicial to appellants, and the judgment is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.