# *Ex Parte* Singleton.

*Mandamus.*

(Decided April 8, 1915.  68 South. 253.)

*Infants; Removal of Disability; Petition.*—Construing §§ 4505-6 Code 1907, it is held that a minor whose father was living at the time, though in another state, had no right to file a petition to be relieved of the disabilities of nonage.

Original petition in Supreme Court.

Original petition for mandamus by A. E. Singleton, Jr., to compel the chancellor of the southeastern chancery division to grant his petition to be relieved of the disabilities of nonage.  Writ denied.

The petition to be relieved of the disabilities of nonage was denied by the chancellor on the ground that the statute did not warrant relief on the petition of said minor while either the parents or the guardian of said minor were living; it appearing that the father of the minor was living, though residing in another jurisdiction.

Norman & Rainer, for appellant.

W. R. Chapman, pro se.

PER CURIAM.—Section 4505 of the Code of 1907, in providing for the relief of minors from the disabil-

ities of nonage, authorizes the petition to be filed: First, by the father, then by the mother if the father is dead; second, by the minor, when he had no father or mother or guardian; and third, by the guardian, when the minor has one, and has no living father or mother. It will be observed that the minor has no right to file the petition except when he has no living parent or guardian, and this is the case whether the parent is or is not a nonresident. Section 4506 merely fixes the venue, and does not give the minor the right to file the petition if his parent is a nonresident, but merely requires it to be filed in the district in which the minor resides, if the parent is a nonresident. As it appears that the father of A. E. Singleton, Jr., was living when the petition was filed by said Singleton, Jr., the statute gave him no right to do so, notwithstanding his father was living in Georgia, and as the chancery court properly dismissed the petition, the mandamus is denied.

Mandamus denied.

ANDERSON, C. J., and McCLELLAN, SAYRE, and SOMERVILLE, JJ., concur.