(88 South. 421)

**BROWN et al. v. SHAFER.** (6 Div. 62.)

(Supreme Court of Alabama. April 7, 1921.)

1. Partition ⬤➝117—A decree partitioning estate of living person on the theory that he is dead is a mere nullity.

A decree whereby the real estate of a living person was partitioned on the theory he was dead is a mere nullity, and is unavailing where he returned and claimed the property.

2. Adverse possession ⬤➝61 — Possession by children claiming as heirs not adverse.

Possession of land by children claiming as heirs of their father, whom they erroneously believed to be dead, is not adverse to him, and will not ripen into title.

3. Partition ⬤➝109(7)—Purchaser at partition sale not entitled to compensation for improvements where action was begun in less than three years.

Where land was sold for partition, on the erroneous assumption that the owner was dead, a purchaser at the register's sale who had not been in possession for three years at the time of the bringing of ejectment by the owner is not entitled, under Code 1907, § 3846, to compensation for permanent improvements.

4. Ejectment ⬤➝139 — Limitation of actions ⬤➝124—Where landlord intervenes, he takes the position of his tenant with respect to improvements.

Where, on ejectment being brought against his tenant, the landlord intervened, he assumed the same position as the tenant with respect to the statute of limitations, and with respect to the statute relating to compensation for permanent improvements, as if he had been served with process at the commencement of the action.

**5. Adverse possession ⊙⊐l—During his absence, landowner need not assert ownership so long as there is no adverse possession.**

Statements or actions during his absence by landowner who was deemed dead, and whose property was sought to be partitioned, are immaterial where his children claimed as heirs, for, until adverse possession was established, landowner was under no duty to assert his ownership.

**6. Adverse possession ⊙⊐61 — Possession by heirs as such does not become adverse to the living owner unless there is disclaimer, etc.**

Where, during the absence of a landowner, his children claimed as heirs, for such possession to become adverse there must have been an open disclaimer of title and the assertion of a hostile title brought home to the landowner, by actual notice, or such a notorious or open assertion of it that notice of an adverse claim could be reasonably imputed.

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

Ejectment by Richard J. Shafer against J. N. Brown, in possession, in which William Kinney, as landlord, intervened. Judgment for plaintiff, and defendants appeal. Affirmed.

A. A. Griffith and Emil Ahlrichs, both of Cullman, for appellants.

The court erred in directing a verdict for the plaintiff. 184 Ala. 184, 63 South. 1011; 184 Ala. 610, 64 South. 321; 185 Ala. 591, 64 South. 317; 199 Ala. 639, 75 South. 293. Court erred in admitting the patent in evidence. 16 Ala. App. 149, 75 South. 825. Court erred in excluding the chancery records and the deed following. 193 Ala. 470, 68 South. 1005. Counsel discuss other assignments of error relative to evidence, but in view of the opinion they are not here set out.

F. E. St. John, of Cullman, for appellee.

Plaintiff was not dead as represented, and the proceedings were absolutely null and void. 45 Wis. 334, 30 Am. Rep. 746; 4 Lea (Tenn.) 251, 40 Am. Rep. 12; 107 Ill. 517, 47 Am. Rep. 458; 263 Ill. 93, 104 N. E. 1075, Ann. Cas. 1915C, 112. The position of the defending landlord as to the statute of limitations is the same as if he had been originally served, and hence there was no error in excluding the deed as color of title. 97 Ala. 545, 12 South. 601. The evidence failed to show adverse possession. 141 Ala. 451, 37 South. 799, 109 Am. St. Rep. 45; 144 Ala. 516, 41 South. 835; 148 Ala. 247, 41 South. 822; 155 Ala. 231, 46 South. 453. The court properly gave the affirmative charge for the plaintiff. 200 Ala. 622, 76 South. 980.

SAYRE, J. [1] Statutory action of ejectment by appellee against appellants. Appel-lee deraigned title from the government of the United States. Appellants sought to show title by adverse possession, and by purchase at a register's sale, made in pursuance of a decree of the chancery court in a proceeding between the children, heirs at law, of appellee, for a sale for partition. The parties to that proceeding claimed—or it would have so appeared had the record been admitted in evidence—as heirs of appellee, averring that he was dead. But appellee was not dead; he appeared as a witness in his own behalf nor was his identity denied, and the averment that he was dead gave the chancery court no jurisdiction to dispose of his property in his absence. The decree and the sale under it were nullities.. Duncan v. Stewart, 25 Ala. 408, 60 Am. Dec. 527; Gill v. More, 200 Ala. 511, 76 South. 453.

[2] There was no evidence tending to show an adverse possession by appellee's children, or any one of them, for the statutory period of 10 years. The fact that, for a few years, they claimed to own the land as children and heirs at law of appellee, supposing him to be dead, did not constitute an adverse possession, and their joinder in the proceeding for a sale, had that record been admitted in evidence, would have demonstrated conclusively that they were not holding adversely to appellee. Boykin v. Smith, 65 Ala. 294. However, no further demonstration of that fact was needed.

[3, 4] Nor had Kinney, the real defendant, who purchased at the register's sale, been in adverse possession for three years before the commencement of this suit, and so was not in position to claim any advantage under the statute (section 3846 of the Code) allowing compensation for permanent improvements. The record shows that this suit was commenced before three years had elapsed after the alleged sale under which he claimed. In the beginning, this action was brought against the tenant in possession, Brown; but the landlord, Kinney, intervened, thereby assuming the same position in regard to the statute of limitations—and, by the same token, the statute of permanent improvements—as if he had been served with process at the commencement of the suit. Turner v. White, 97 Ala. 545, 12 South. 601.

[5, 6] The facts stated above being well established, and not denied, along with some undisputed principles of the law of evidence, lead to the necessary conclusion that the trial court committed no reversible error in its rulings on the numerous questions of evidence sought to be raised on the record. Thus, what may have been said or done by appellee during his absence in the West was irrelevant, since his actions or omissions during that time gave no authority to the chancery court to dispose of his land as the property of a dead man, nor tended to es-

tablish an adverse possession in his children. Until an adverse possession was established, appellee owed no duty to assert his ownership, nor should any unfavorable inference have been drawn from his inactivity. Rucker v. Jackson, 180 Ala. 109, 60 South. 139, Ann. Cas. 1915C, 1058. It is entirely clear that appellee's children looked, in the beginning of their possession—or the possession, rather, of one of them, which appears to have lasted for two or three years only—to him for title, and, such being the case, in order to render their possession adverse, there must have been an open disclaimer of his title and the assertion of a hostile title brought home to him by actual notice, or by such an open and notorious assertion of it that notice of an adverse claim could be reasonably imputed to him. Butler v. Butler, 133 Ala. 377, 32 South. 579; Burrus v. Meadors, 90 Ala. 140, 7 South. 469; Boykin v. Smith, supra. At no time did the possession ascribed by appellants to appellee's children measure up to the mark of these decisions.

Appellants cite Busbee v. Thomas, 175 Ala. 423, 57 South. 587, to the proposition that their witness Annie Lindeman should have been allowed to answer questions which sought to elicit the fact that appellee had not exercised acts of ownership during (in effect) his absence in the West. The authority is inapt. In that case, acts of ownership were admissible to fix a boundary by showing how the parties had interpreted a conveyance. Here there was no such question. Here the only question was whether, prior to the register's sale, appellee's children had held adversely to him.

There are many assignments of error on questions of evidence. We do not think they require detailed statement. They have all had due consideration. We find that the trial judge correctly disposed of each question as it arose, and further, that, in view of the findings of law and fact heretofore stated, even had all the evidence offered by appellants been admitted, appellee would still have been entitled to the general charge which the court gave at his instance.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.