(101 So. 676)

### HUTCHINSON v. TILL.    (3 Div. 657.)

(Supreme Court of Alabama.    Oct. 23, 1924.)

1. Infants ⬅11—Infant having obtained decree removing disability of nonage cannot have it set aside after he has sold land.

An infant who obtained decree removing disability of nonage, under Code 1907, § 4505 et seq., upon finding that he had arrived at age of 18 years and sold land, could not thereafter get a valid decree vacating former decree on ground he was not in fact 18 years of age, in order that he might again then have disability removed to enable him to sell the land to another.

2. Infants ⬅1 — Legislature may prescribe lower age than 21 as time when persons became sui juris.

By common law persons became sui juris at 21 years of age, but Legislature has full power to prescribe different age.

Appeal from Circuit Court, Butler County; Arthur E. Gamble, Judge.

Bill in equity by D. C. Till against Sophronia Hutchinson. Decree for complainant, and respondent appeals. Reversed and remanded.

Powell & Hamilton, of Greenville, for appellant.

Counsel argue for error in the decree and cite Sharp v. Robertson's Ex'r, 76 Ala. 346; Riley v. Dillon & Pennell, 148 Ala. 286, 41 So. 768; Hill v. Weil, 202 Ala. 401, 80 So. 536; Goodman v. Winter, 64 Ala. 431, 38 Am. Rep. 13; Ex parte Price, 192 Ala. 158, 68 So. 866; Berry v. Manning, 209 Ala. 587, 96 So. 763; Acts 1915, p. 707; 1 Black on Judgments, §§ 193, 244; Hunter v. Ruff, 47 S. C. 525, 25 S. E. 65, 58 Am. St. Rep. 907; 15 R. C. L. 724; County Board v. Hensley, 147 Ky. 441, 144 S. W. 63, 42 L. R. A. (N. S.) 643.

Lane & Lane, of Greenville, for appellee.

The court had no jurisdiction in the first decree, the minor being under 18 years of age. Code 1907, § 4505; Duncan & Hooper v. Stewart, 25 Ala. 408, 60 Am. Dec. 527; Scott v. McNeal, 154 U. S. 34, 14 Sup. Ct.

1108, 38 L. Ed. 896; Brown v. Shafer, 205 Ala. 421, 88 So. 421. An infant may disaffirm his deed by a subsequent conveyance. Ex parte McFerren, 184 Ala. 223, 63 So. 159, 47 L. R. A. (N. S.) 543, Ann. Cas. 1915B, 672; 22 Cyc. 556; Scott v. Brown, 106 Ala. 604, 17 So. 731; Elliott v. Horn, 10 Ala. 348, 44 Am. Dec. 488; McCarthy v. Nicrosi, 72 Ala. 332, 47 Am. Rep. 418. A decree removing disabilities of nonage may be attacked directly or collaterally. Cox v. Johnson, 80 Ala. 22; Ex parte Price, 192 Ala. 158, 68 So. 866.

BOULDIN, J. The bill is to cancel a cloud on title to real estate.

The case made by the record is this: Fred Stockman, through whom both parties claim the lands, filed his petition in the circuit court, in equity, and obtained a decree removing his disabilities of nonage. Code 1907, § 4505 et seq. Three days thereafter he executed a conveyance of the lands to the respondent, Sophronia Hutchinson. About three months thereafter he filed his petition or bill in the same court, setting up that at the time of obtaining the decree removing his disabilities he had not arrived at the age of 18 years, that he had now arrived at that age, and prayed that the decree removing his disabilities be vacated and annulled. On the same day an order or decree was entered purporting to vacate the former decree as prayed. On the same day he filed a second petition to have his disabilities of nonage removed, and obtained a decree accordingly. Thereupon he executed a deed to the complainant, D. C. Till. The theory on which this bill is filed is that the court was without jurisdiction to render the first decree because the minor had not then reached the age of 18 years as prescribed by statute. It was upon this ground that the petition to vacate that decree was based. The petition averred that the former proceeding was in good faith, believing himself to be over 18 years of age, but that he had since learned this was a mistake. In the decree vacating the former proceeding, the court ascertained as a fact that the minor was not 18 years of age at the time the former decree removing his disabilities was made. An issue is here made on pleadings and proof as to his true age at the time of the first proceeding.

The vital question is whether the court or judge had jurisdiction to render the original decree.

The original petition to remove disabilities was filed under subdivision 2, § 4505, Code of 1907. It was averred therein that petitioner had neither father nor mother living, had no legal guardian, was over the age of 18 years, was a bona fide citizen of the county, was thoroughly competent to han-

dle his own business, to contract and be contracted with, to buy and sell property, as though 21 years of age, owned an estate in lands, and that it would be to his interest to be relieved of the disabilities of nonage, and was followed by an appropriate prayer. The petition was signed and sworn to by petitioner. Proof by affidavits was taken, showing, among other things, that petitioner was over 18 years of age. Appropriate decree was rendered, reciting that he was over 18 years of age, removing his disabilities, and investing him with the powers specified in section 4509 of the Code of 1907, including the right to sell and convey real estate.

[1, 2] We have the case of a petition alleging the jurisdictional fact of petitioner's age, proof supporting it, and a decree finding it. By the common law persons became sui juris at 21 years of age. The Legislature has full power to prescribe a different age. This power was sometimes expressed by special statute, until forbidden by section 104, Constitution of 1901, subd. 2. A general statute removes the disabilities of married women over 18 years of age. Code, 1907, § 4499.

Chapter 96, Code of 1907, § 4505 et seq., provides for a judicial proceeding to that end.

The jurisdiction thus conferred is statutory and limited. The facts showing jurisdiction must affirmatively appear. Among these is the fact that the minor is over 18 years of age.

Cox v. Johnson, 80 Ala. 22, was a bill to cancel for fraud a deed from a minor to her guardian. The proceeding to remove her disabilities was under subdivision 3 of the statute, requiring a joint petition of guardian and minor. The guardian had presented the petition, signing the ward's name without authority. It was declared the decree was subject to collateral attack; that in a court of limited jurisdiction the recital of appearance of the parties could be contradicted by parol. The case was one of want of jurisdiction over the person.

Ex parte Singleton, 192 Ala. 117, 68 So. 253, was a mandamus proceeding to require the chancellor to grant a decree removing petitioner's disabilities of nonage. It appeared the father of petitioner was living, and had not filed the petition, as required by subdivision 1 of section 4505. The case merely holds the facts did not make a case for relief.

In Ex parte Price, 192 Ala. 158, 68 So. 866, the application was made, by the person authorized to make it, to a court or judge authorized to receive it, and contained all the allegations of fact required to confer jurisdiction. The decree failed to expressly recite a finding that it was to the interest of the minor to have his disabilities removed. On certiorari to vacate the decree for want of jurisdiction, it was held that the decree need not recite the findings of fact on which

212 Ala.—5

it exercised the jurisdiction; that granting the relief imports a finding of the jurisdictional facts.

In Ketchum v. Faircloth-Segrest Co., 155 Ala. 256, 46 So. 476, it was declared that the decree need not in terms declare the disabilities removed, but is sufficient if it confers the powers named in the statute on removal of disabilities.

In Boykin v. Collins, 140 Ala. 407, 37 So. 248, it was further declared that failure to give the statutory notice under section 4507, Code of 1907, does not render the decree void on collateral attack.

All these cases recognize the general rule that, jurisdiction of the person and the subject-matter being shown, irregularities thereafter do not render the proceeding void.

The point made here is that only a person 18 years of age is authorized to make the application; and therefore it is argued that, unless in fact the petitioner is of that age, the court cannot acquire jurisdiction over him; that for want of a proper subject before the court no jurisdiction attaches, and its proceedings are void.

Appellee cites cases claimed to be analogous in principle. Among them are Duncan v. Stewart, 25 Ala. 408, 60 Am. Dec. 527, declaring void the appointment of an administrator where it develops that the supposed decedent is still living. The principle underlying that case is that a person's property cannot be disposed of without due process of law—a day in court. Scott v. McNeal, 154 U. S. 34, 14 S. Ct. 1108, 38 L. Ed. 896.

Brown v. Shafer, 205 Ala. 421, 88 So. 421, declares a decree for the partition of lands of a living person, on the assumption that he is dead, is a mere nullity. The owner in such case was not in court, and no decree or finding at the instance of other parties could be binding upon him.

We do not think these cases in point here. The Legislature has conferred upon a minor having no parent or guardian, and claiming the right to have his disabilities removed, privilege of appearing in his own name, and presenting for the court's decision the facts entitling him to the relief. The subject-matter of the proceeding is the fixing of his legal status—making him sui juris. That he is of the required age is one of the facts submitted to the court, one of the matters adjudicated at the instance of the minor. The petitioner is in court. The court, at his instance, takes jurisdiction of the person and the subject-matter. The decree determines the issues, or it means nothing. We are of the opinion the decree here involved was valid and effectually removed the disabilities of Fred Stockman. Goodman v. Winter, 64 Ala. 410, 38 Am. Rep. 13; 1 Black on Judgments, § 215; Ann. Cas. 1915D (note) p. 490.

It is unnecessary to determine whether, after the expiration of the term, and after the decree has passed beyond the control of

the court, the minor may by bill of review have it set aside because of mistake. If so, it cannot affect the intervening rights of persons who have dealt with him as a person sui juris. 31 C. J. 1010, 1011, § 47. To be bound on this theory, appellant must have been a party to the proceeding for review.

The law contemplates that the decree become a public record—notice to all persons that they are free to do business with the party as if 21 years of age.

The respondent so purchased the property, paid a cash consideration of $600, an amount not questioned as inadequate. The complainant had full notice of her purchase and deed. In fact, he was active in having the decree vacated, agreeing to pay whatever the court should decree to be refunded to respondent. Much evidence is adduced to the effect that respondent was represented in the transaction by her brother; that he induced the minor to have his disabilities removed and paid the expenses thereof, and was one of the witnesses.

No question of fraudulent overreaching the minor is here involved. The decree was not vacated on such ground. The minor is not a party to the suit. It appears that the parties were rivals in a quest for the lands; that Frank Hutchinson was active in the first instance; and the complainant, Till, active in the movement to vacate the proceedings, get a new decree, and a deed to himself for the same property. His deed appears to have been obtained on a past consideration—a debt due him from the minor of some $100 and a promise to refund to appellant such sum as the court might decree.

The suit is not in the interest of the minor, but a controversy between rival claimants.

It is not to be implied that the minor has been a victim in the matter. Both parties adduced evidence in the nonage proceedings that he was well able to take care of himself, and the evidence does not disprove it. Minority is a shield of protection, not a weapon for wrongdoing. When he invokes the power of the court to give him freedom to contract, avers and proves all the facts required by law, gets a solemn decree declaring him sui juris, and acts upon it in dealings with others, he is not in position to ask the court to vacate the decree, proceed at once to get a similar decree, and deed the same property to another.

The court below erred in granting relief to complainant and denying relief to cross-complainant by way of partition.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.