138 So. 841

## McGATHEY v. THOMPSON et al.

### 7 Div. 54.

Supreme Court of Alabama.
Nov. 5, 1931.

Rehearing Denied Jan. 21, 1932.

Merrill, Jones & Whiteside, of Anniston, for appellees.

Bibb, Field & Woolf, of Anniston, for appellant.

## BROWN, J.

This is a bill in the nature of a bill of review seeking to set aside, revoke, and annul a decree of the court in which the bill is filed, rendered on the petition of complainant's mother, Violet Hammett, who was also his guardian, relieving him from the disabilities of nonage. The mother died prior to the filing of the bill, and her administrator, the sureties on her guardian's bond, and Little McGathey, a minor, and a ward of said guardianship, are made parties defendant.

The petition to remove the disabilities of nonage was filed March 7, 1927, under subdivision 1 of section 8280 of the Code, alleging that the petitioner "is the mother of Leo McGathey, who is a minor over the age of eighteen years, residing with your petitioner in Calhoun County, State of Alabama; that the father of said minor is dead, and your petitioner is the mother and legal guardian of said minor."

The proceedings appear to be regular on their face, and show that a copy of the petition was served on the complainant and notice of publication given, as required by section 8282 of the Code. The petition was not resisted, and the decree removing the disabilities of nonage was granted on the 11th day of April, 1927, on the affidavit of the petitioner stating, inter alia, that "said minor was eighteen years of age July the 14th, 1926, and will be nineteen years of age on July the 14th, 1927. I think it will be to the best interest that the disabilities of non-age be removed. Said minor is the owner of Four Hundred and Fifty Dollars in money, now on deposit in the Farmer's and Merchant's Bank of Piedmont, Alabama, and is not the owner of any other property. He possesses a good moral character and has a reasonably good education, and is industrious. He is now employed as a farmer, and I think he is entirely capable of managing his own property and business affairs, and that it will be to the best interest that he be allowed to manage the same himself. He is not extravagant."

This affidavit was taken and filed with the register of the circuit court on March 7, 1927, the day the petition was filed.

The bill avers that the complainant was born on the 14th day of July, 1909; that at the time his mother, the said Violet Hammett, filed said petition to remove his disabilities of nonage, she "knew that your orator was under the age of eighteen years, and your orator avers that said decree was obtained by fraud, in that said Violet Hammett *falsely and knowingly* represented to the court that your orator was over the age of eighteen years, and led the court to believe that this was the case." (Italics supplied.)

The equity of the bill, which prays that the decree removing the disabilities of nonage of the complainant be vacated and annulled, and for general relief, was upheld on demurrer. We are of opinion that this ruling was amply justified by the following decisions of this court. Keenum et al. v. Dodson et al., 212 Ala. 146, 102 So. 230; Lester et al. v. Stroud et al., 212 Ala. 635, 103 So. 692.

The minor defendant was duly represented by guardian ad litem of the appointment of the court, who denied the averments of the bill. The adult defendants also answered, denying the material averments of the bill, and specifically denying the allegation of fraud charged in the bill.

The case being submitted for final decree on the pleadings and proof, a decree was entered dismissing the bill, and from that decree the complainant prosecutes this appeal.

Appellant's first contention is that the case should be reviewed here without any presumption in favor of the conclusion of the trial court on the facts arising from the fact that the testimony was taken ore tenus, and heard by the trial judge.

The reasons, stated in argument, underlying this contention, are first, that although the decree recites "the court having considered and heard the testimony orally and having heard the argument of attorneys both orally and in writing, the court is of opinion that, under the testimony and under the authorities cited in arguments of said case, *and especially* under the authority of Hutchinson v. Till, 212 Ala. page 64, 101 So. 676, 677, that complainant is not entitled to the relief prayed for," it appears that the court dismissed the bill on the mistaken idea that it was without equity, and not for failure of proof.

It must be conceded that nothing said in Hutchinson v. Till, supra, in any way militates against the equity of the bill in this case. That was not a proceeding by the minor to have his status fixed or to annul a proceeding to that end, and he was not a party thereto. The question there presented and decided was one of jurisdiction in the court to set aside and annul a decree not superinduced by fraud, but on mere mistake of the actor in the proceeding wherein the decree was rendered. The court in that case, however, announced and applied the principle that "minority is a shield of protection, not a weapon for wrongdoing," and that principle is applicable here, as will appear later.

The next reason, stated in argument at the bar and in brief, is that the testimony was taken more than a year previous to the submission of the case for final decree, and that the trial judge, at the submission, remarked "that he was unable to recall having heard the testimony orally, or even having heard of the existence of the case." This statement of the trial judge, as appellant concedes, is de hors the record, and of course cannot be considered; but if this appeared, we have no doubt that, when the court came to consider the case and read the testimony, his recollection was refreshed as to the incidents of the trial and the demeanor of the witness.

After careful consideration of the evidence, we have no doubt that the date of the complainant's birth was July 14, 1909, and therefore that he was not eighteen years of age on March 7, 1927, but we are not reasonably satisfied that complainant's mother knowingly and falsely misrepresented the facts to the court for the purpose of procuring the decree, or that the complainant was without fault. De Soto Coal, Mining & Development Co. v. Hill, 188 Ala. 667, 65 So. 988; Levystein Bros. v. O'Brien et al., 106 Ala. 352, 17 So. 550, 30 L. R. A. 707, 54 Am. St. Rep. 56.

The mother, against whom the charge of fraud was made, at the time she filed the petition, had been twice married, said marriages covering a period of about twenty years, and had, during that time, become the mother of eight children; and there is no direct evidence that she made a record of the date of birth of any of them. It is not at all improbable that at the time she gave the facts to her attorney, on which the petition was predicated, she made an honest mistake in giving the date of July 14, 1908, instead of July 14, 1909.

While much evidence was taken as to what occurred after the decree was rendered, and after the death of Violet Hammett, that cast a shadow on the testimony of some of the witnesses, there is nothing in this evidence that reflects on Violet Hammett, the complainant's mother, nor is there in the evidence anything that goes to show unfair dealings on her part with the complainant.

On the other hand, the complainant, as the evidence tends to show, was practically emancipated, farming for himself, had a fair education, was sober and industrious, and we have no doubt that he was served with a copy of the petition, and was thus advised of its contents and purpose and acquiesced that he might receive his patrimony and use it as he pleased.

After spending his inheritance, he now seeks to avoid the decree relieving him of the disabilities of nonage that he may, under the cover of his minority, compel the mother's estate and the sureties on her guardian's bond to account for that which he has received. "Minority is a shield of protection, not a weapon for wrongdoing." Hutchinson v. Till, 212. Ala. 64, 101 So. 676, 677.

Questions in respect to the mismanagement of the guardian's estate, fraud practiced subsequent to the rendition of the decree sought to be annulled, or procuring the execution of a receipt in full, under mistake of fact, if such there be, are matters to be litigated in the court having jurisdiction of the final settlement. Scott v. Mussafer et al (Ala. Sup.) 134 So. 857;[1] Lee v. Lee, 55 Ala. 590; Carroll et al. v. Corbitt, 57 Ala. 579; Stegall v. Wright, 143 Ala. 204, 38 So. 844; Cleere v. Cleere, 82 Ala. 581, 3 So. 107, 60 Am. Rep. 750; Hopkins v. Crews et al., 220 Ala. 149, 124 So. 202.

We find no reversible error in the record, and the decree of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.

[1] 223 Ala. 153.