JAMES G. EVANS

*v.*

EFFIE W. WOODSWORTH *et al.*

*Opinion filed December 22, 1904—Rehearing denied Feb. 9, 1905.*

1. REVIEW—*a decree will not be set aside upon ground of false evidence.* A court of equity will not set aside a decree upon the ground it was obtained by false evidence, but only for fraud which gives the court colorable jurisdiction over the defense presented.

2. LACHES—*when a party is guilty of laches in applying to set aside decree.* Unexplained delay by the defendant in a divorce suit in waiting until his wife was dead and the rights of third parties had intervened before seeking to set aside the decree for alleged fraud in procuring the decree, of which he had knowledge at the time, constitutes *laches.*

3. SAME—*defense of laches need not be set up by answer if apparent from bill.* The defense of *laches* need not be set up by way of answer to a bill in equity if the *laches* is apparent on the face of the bill.

4. SAME—*what constitutes laches is a matter of discretion with court.* What constitutes *laches* in a given case depends upon the discretion of the court, and unless such discretion has been abused it will not be interfered with by a court of review.

5. RES JUDICATA—*former adjudication must be pleaded.* A former adjudication can only be availed of by being alleged in the bill or set up by way of plea or answer.

6. SAME—*when question of former adjudication cannot be determined.* Whether a decree dismissing a bill for divorce was a bar

to a subsequent decree by another court granting the divorce can not be determined by a court of review in the absence of the testimony upon which the bill was dismissed or upon which the subsequent decree was granted.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. W. BURKE, Judge, presiding.

D. H. STAPP, and JOHN M. HESS, (A. N. WATERMAN, of counsel,) for appellant.

WHARTON PLUMMER, and GEORGE W. PLUMMER, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

On March 20, 1893, Isabella G. Evans filed her bill for divorce in the superior court of Cook county against her husband, James G. Evans, on the ground of desertion and extreme and repeated cruelty. She also then filed her affidavit that the defendant was a non-resident of this State and that his place of residence was unknown to her and upon diligent inquiry could not be ascertained. Service was obtained by publication, and on May 13, 1893, upon a hearing, as is claimed by the appellant, that bill was dismissed without costs. On September 27, 1893, she filed a second bill for divorce in the circuit court of that county, which was substantially, if not literally, a copy of the bill previously filed except as to the title of the court, and she then filed her affidavit of his non-residence substantially as in the former case, except that it stated that his last known place of residence was SanFrancisco, California, and upon that affidavit notice of publication was duly made. On December 11, 1893, upon the defendant's default and a hearing, she obtained a decree as prayed. On August 10, 1894, she died seized of certain real estate, which by her last will she devised to her sister, Effie W. Woodsworth, for life, with remainder to

the two infant daughters of said sister. Her will was duly admitted to probate February 13, 1895, and Mrs. Woodsworth appointed administratrix with the will annexed. On June 4, 1896, more than two and a half years after the decree of divorce had been rendered, the husband, James G. Evans, filed this bill, making the appellees defendants, in which he alleged that the affidavits of non-residence filed by his wife in the superior court, and also in the circuit court, were falsely and fraudulently made, for the purpose of imposing upon the court and to give it apparent and colorable jurisdiction; that the decree of divorce was fraudulent and void, being procured by the deception practiced upon said court, and that the same is a cloud upon his interest in any estate left by his said wife; that the desertion and cruelty charged in the bill for divorce were false. The prayer of the bill was that the decree of divorce be set aside and annulled. The adult defendants filed their joint and several answer denying each material allegation of the bill, and, in effect, pleading *laches* on the part of the complainant. The guardian *ad litem* appointed for the infant defendants filed his answer, denying, generally, the averments of the bill. The cause was heard in open court on oral and documentary evidence and decided against the complainant. He thereupon asked leave to amend his bill so as to make it conform to his proofs. That motion was not then disposed of, but the cause was referred to a master to examine the testimony and report to the court whether the amendment conformed thereto. The master subsequently made his report, in which he found that the allegations of complainant's amended bill was not supported by the evidence, reporting upon the whole cause adversely to the complainant. To his report objections were filed and overruled. Exceptions were then heard by a judge other than the one who first heard the cause, and overruled, the report approved and the motion to amend the bill so as to conform to the testimony denied. On June 15, 1903, the case came on for final hearing before the chancellor who first

heard the testimony, and he dismissed the amended bill for want of equity. After the filing of the record in the Appellate Court a third chancellor ordered the record to be so amended as to show that the proposed amendment was presented November 2, 1903, *nunc pro tunc* as of November 8, 1897. The Appellate Court for the First District having affirmed the decree of the circuit court, this appeal is prosecuted.

It is insisted by the appellant that his wife was guilty of fraud in making the affidavit of his non-residence on each of the bills for divorce, which she knew to be false, and in procuring the decree in the circuit court against him for desertion when she knew there was no basis for such charge; also, that the decree of the superior court, under the bill there filed, is *res judicata,* and therefore the decree of the circuit court sought to be set aside by this bill should be held absolutely void.

The evidence introduced upon the hearing upon the allegations of fraud as to the affidavits of non-residence was in irreconcilable conflict. There is evidence in the record tending to prove that the wife knew that her husband was not a non-resident of Illinois, but there is also much testimony to the contrary. As to the desertion, it does clearly appear that for a long time prior to the filing of the first bill, and continuing up to the time the decree was rendered in the circuit court, the complainant lived separate and apart from his wife, coming and going from the city of Chicago, where she lived, from time to time, without going to her place of residence and without having any communication with her whatever. Courts of equity will not, however, set aside a decree upon the ground that it was obtained by false evidence, but only for fraud which gives a court colorable jurisdiction over the defense presented. (*Burton* v. *Perry,* 146 Ill. 71, citing *Caswell* v. *Caswell,* 120 id. 377.) As in all other cases where fraud is alleged, the proof must be clear and satisfactory. From our consideration of all the testi-

mony in this record we cannot say that the conclusion of the master and chancellor, that the allegations of the bill as to fraud in obtaining jurisdiction of the court in which the decree of divorce was rendered were not sustained by the proofs, was erroneous. Moreover, this case falls within the rule that where the chancellor has heard the witnesses in open court we will not disturb his findings unless they are clearly and manifestly against the weight of the testimony.

There is, however, a further consideration which must lead to an affirmance of the decree of the circuit court and the judgment of the Appellate Court. The complainant's conduct toward his wife from the time he married her, on May 31, 1884, until their separation, as shown by the uncontradicted testimony, seems to have been wholly without excuse or justification. As early as October, 1893, he knew that she was taking steps to secure a divorce from him on the ground of desertion and had actual notice of the bringing of the suit in the circuit court, but took no steps whatever to prevent her from obtaining the decree. He admits that in February, 1894, he knew that the decree had been rendered, and if it had been procured by fraud, as he now claims, he then knew of such fraudulent conduct,—at least knowledge as to the affidavits of non-residence and the grounds upon which the divorce was claimed was open to him through the records of the circuit court of Cook county. Under these circumstances it was manifestly his duty, if he intended to seek to have the decree vacated and set aside, to act promptly. Instead of doing so he took no steps in that direction until after the lips of his wife had been closed by her death and the rights of third parties had intervened. No sufficient explanation is shown for this delay. The contention that the defense was not available under the answers is without force. Certainly this position could not be maintained as against the infants who answer by their guardian *ad litem.* We think the answer of the adults also substantially set up the defense of *laches.* But it is not necessary to set up that defense by way

of an answer to a bill in equity where the *laches* is apparent on the face of the bill, as we think it is here. (*Lloyd* v. *Kirkwood,* 112 Ill. 329.) "Where a party has slept upon his rights and acquiesced in what has been done, equity will not afford its aid in enforcing his demands." (*Vermilion County Children's Home* v. *Varner,* 192 Ill. 594.) What will constitute *laches* in a given case depends upon the discretion of the court, and unless that discretion is abused it will not be interfered with. Here we think the chancellor might very properly have placed his decision upon that ground alone.

We do not regard the question of *res judicata* as presented by this record for our decision. It is a familiar rule that former adjudication can only be availed of by being alleged in the bill or set up by way of plea or answer, and in the present case no such defense was interposed. It is true, the complainant attempted to set it up in his amended bill, which he claimed was necessary in order to conform to the testimony; but leave to file that amendment was denied, and no error has been assigned upon the ruling of the court in that regard. If, however, the question were here open to discussion, it is too clear for argument that in the absence of the testimony upon which the bill in the superior court was dismissed and that upon which the decree in the circuit court was rendered it is impossible to tell whether the one was a bar to the other or not. The bill in the superior court, as suggested by the Appellate Court, may have been dismissed because the proof of desertion was not sufficient because of the lapse of time between the abandonment and the filing of the bill. At all events, there is nothing here to show that that bill and decree were a bar to the decree rendered by the circuit court.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*