## Miles *v.* Lee, *et al.*

### *Ejectment.*

(Decided April 17, 1913. Rehearing denied May 8, 1913. 61 South. 915.)

1. *Homestead; Surviving Wife and Children; Setting Apart; Necessity.*—Under the express provisions of section 4198, Code 1907, the setting apart of the homestead to the widow and minor children, and the judicial ascertainment that it was all the real estate owned by the decedent, and was not greater in value that $2,000, are conditions precedent to the vesting of the absolute title in the widow and minors as against the other heirs.

2. *Same; Jurisdiction.*—Under sections 4224, and preceding sections Code 1907, the probate court has no jurisdiction to set aside a homestead after a final settlement of the estate, and a final discharge of the administrator, since such court is of limited power and jurisdiction, and can only exercise the jurisdiction given it by the statutes, and after administration is finally settled, and the administrator discharged its jurisdiction over an estate ceases.

3. *Same; Necessity.*—Where an intestate left no minor children and the homestead was not legally set apart to the widow during her life, the estate descends upon her death to the heirs of the husband.

(Mayfield, J., dissents.)

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Ejectment by Josephine Lee and others against Yancey Miles. Judgment for plaintiffs, and defendant appeals. Affirmed.

[Miles v. Lee, et al.]

The agreed statement of fact shows that on and prior to the 4th day of August, 1908, Miles Lewis had title to and owned the real estate described and sued for, and jointly with his wife occupied it as a homestead; that Miles Lewis died on the 4th day of August, 1908, intestate, being at that time a resident of the county of Montgomery, state of Alabama, and left surviving him a widow, but no child or children, or the descendants of a child or children, no father or mother; that plaintiffs were his only sisters and brother, and his only heirs at law at the time of his death; that he left no descendants of a deceased brother or sister; and that the rental value of the property is $5 per month. The following proceedings were had in the probate court of Montgomery county. Then follows petition in the usual form, for letters of administration, setting forth that he owned the real estate herein sued for, and a claim for damages against the Louisville & Nashville Railroad, and no other heirs than his widow, Lucy Lewis. This petition was filed on the 18th day of September, 1908. Whereupon, on that day, notice was issued, and letters granted to the said Lucy Lewis, all of which bear the same date. Then follows a settlement showing receipt of $550 from the railroad company, and a payment of $50 attorney's fee and the allowance of the remainder $500 to the widow as the sole beneficiary of the deceased. Then follows the petition setting up the facts of the death of Miles Lewis, the granting of letters, the fact that he left no minor children, and that at the time of his death he owned and occupied a certain lot in the city of Montgomery, which is here sued for; and that at the time of his death he owned no other real estate than the lot in question; that it was worth then and is now worth less than $2.000, and is less in area than 160 acres, and that more than 20 days

has passed since the grant of letters of administration, and that the appraisers have failed to set apart any personal property of said estate to her as exempt, or to appraise said homestead, or to make a report on said homestead. Then follows a prayer to have three commissioners appointed to set apart the personal property as exempt to her, and to appraise said homestead as required by law, and set same apart to her as a homestead as exemptions of her husband's estate; the same to be exempt from administration, and the title thereto to vest in her absolutely. This appears to have been filed February 27, 1911, and on the same day the probate court entered an order appointing three appraisers to make a full and complete inventory and appraisement of the real and personal property, and if it does not exceed in amount and value the exemptions allowed in such property, the commissioners will set apart the same as exempt from administration in favor of said widow. On the 27th day of February, 1911, the commissioners reported that the real estate was all the real estate owned by Lewis at the time of his death, or in which he had any interest, and that the same has always been less than $2,000 in value, and less than 160 acres in area, and they further report that they did on the 4th day of March, 1911, set apart said real estate to said Lucy Lewis as the widow of Miles Lewis, deceased, as exempt from administration. Then follows an order receiving the report and ordering it to lie over 30 days for contest. This order was dated March 17, 1911. On May 13th a decree was entered setting forth the matters and things appearing above, and ordering, adjudging, and decreeing that the said report be, and the same is hereby in all things, confirmed, and that the said exemptions as reported be allowed, vesting the title to said property so set apart

absolutely in said widow, Lucy Lewis; that in September, 1911, said Lucy Lewis died, leaving a last will and testament, in which she bequeathed to D. Yancey Miles, Jr., the land herein sued for, and also other property not necessary to be here set out. It is further agreed that, since the death of Lucy Lewis, Yancey Miles has been in possession of the real estate and is the identical person named in the will.

W. M. BLAKEY, and BALL & SAMFORD, for appellant. The spirit of the exemption laws is in favor of widows and minors, and they are presumed to progress for rather than against, and under section 2071, Code 1896, the setting apart of the homestead was not necessary.— *Faircloth v. Carroll,* 137 Ala. 243. An addendum is made to this section in the new section 4198, Code 1907, under which the court decided this case against the appellant. An appropriation of the land in this case was the equivalent of the setting apart, as there was no necessity for an administration except to acquit the railroad company of damages paid by it.—*Mitcham v. Moore,* 73 Ala. 542; *Jackson v. Wilson,* 117 Ala. 432.

STEINER, CRUM & WEIL, for appellee. The husband died subsequent to the adoption of the Code of 1907, and hence, the provisions of section 4198, apply to this case, and the decisions construing previous statutes are without application. Under section 4198, Code 1907, the setting apart of the homestead is a condition precedent to the vesting of the title in the widow and minors as against the other heirs. The probate court lost jurisdiction when the decree of final settlement and discharge of the administrator was entered.—*Medley v. Shipes,* 58 South. 304; *Horn v. Bryan,* 44 Ala. 88. The right to exemptions is purely statutory, and the exer-

cise of the authority by the probate court is limited to the strict statutory requirement.—*Chamblee v. Cole,* 128 Ala. 649; *Dake v. Sewell,* 145 Ala. 581. Hence, the order of the probate court after the discharge of the administrator setting apart the homestead was absolutely void, and subject to attack in this proceeding.— *Brooks v. Johns,* 119 Ala. 412; *Dake v. Sewell, supra;* *O'Daniel v. Gaynor,* 150 Ala. 205, and authorities supra.

ANDERSON, J.—Under the statute as it existed in the Code of 1896, § 2071, this court has frequently held that when the homestead left by a decedent was all of his real estate, and was less than his homestead exemption in area and value, the title vests absolutely in the widow and minor children, one or both, whether the same is set apart or not.—*Faircloth v. Carroll,* 137 Ala. 243, 34 South. 182; *Dickinson v. Champion,* 167 Ala. 613, 52 South. 445; *Hodges v. Hodges,* 172 Ala. 11, 54 South. 618; *Hall v. Hall,* 171 Ala. 618, 55 South. 146. Section 2071 of the Code of 1896, as placed in the Code of 1907, § 4198, has undergone a change, and while the rule as laid down in the cases supra is still applicable as to the creditors of a decedent, section 4198 provides that, as to his heirs, the title to the homestead does not vest absolutely in the widow and minor children, one or both, "until it is so set apart and until it is judicially determined that it is all the real estate owned by the decedent and that it is of not greater value than two thousand dollars." It would therefore appear that as a condition precedent to a vesting of the absolute title in the widow or minor children, one or both, as against the other heirs of the decedent, the homestead must not only be set apart, but it must be judicially ascertained that it was all of the real estate owned by the decedent

at the time of his death, and was not greater in value than $2,000.

The statute gives the probate court jurisdiction only in two instances for setting apart the homestead, to wit, by section 4224, which provides for doing so when the property left by a decedent does not exceed the exemption when no administration is granted upon the estate within 60 days, and certain preceding sections provide for the setting apart of the homestead when the estate is undergoing an administration. Section 4224 has no application to the present case, as there was an administration of the estate; so the question is whether or not the attempt to have the homestead set apart in 1911, after a final settlement of the estate and after a final discharge of the administrator, was authorized by the statute. The probate court, being of limited powers and jurisdiction, can only exercise jurisdiction given it by the statute. After the administration was finally settled and the administrator was discharged, the probate court ceased to have any further jurisdiction over the estate and lost all right or power to make orders or render decrees pertaining to same.—*Medley v. Shipes,* 177 Ala. 94, 58 South. 304; *Horn v. Bryan,* 44 Ala. 88. The decree of the probate court setting the homestead aside after a final administration of the estate was coram non judice. The setting apart and judicial ascertainment of the extent and value of the estate must be by a court of competent jurisdiction, and which said jurisdiction is given the probate court in certain instances, and in cases where the probate court has not, or has lost, jurisdiction, if it once existed, the chancery court, or perhaps other tribunals, could do so; but this is a question we need not decide, as it should be set apart during the life of the widow or minority of the children in order to cut off the other heirs.

In the case at bar, there were no minor children, and as the homestead was not legally set apart to the widow, during her lifetime, upon her death it went to the heirs of the husband, and which was the conclusion of the trial court.

The judgment of the city court is affirmed.

Affirmed.

McClellan, Sayre, Somerville, and De Graffenried, JJ., concur. Mayfield, J., dissents. Dowdell, C. J., not sitting.