(77 South. 752)

DOUGLAS et al. v. BISHOP. (6 Div. 681.)

(Supreme Court of Alabama. Jan. 17, 1918. Rehearing Denied Feb. 7, 1918.)

1. HOMESTEAD ☞150(1) — AWARD OF HOMESTEAD TO WIDOW—NOTICE.

A proceeding in probate to set aside lands to the widow as a homestead is a proceeding in rem, so that personal notice to the heirs is not essential.

2. HOMESTEAD ☞150(1) — AWARD OF HOMESTEAD TO WIDOW—NOTICE.

That decedent owned land in excess of the area allowed by law as exempt to the widow would not deprive the probate court of jurisdiction of a petition by the widow to set aside homestead under Code 1907, § 4224, as to setting apart all property as a homestead, where it does not exceed amount and value of exemptions, the amount and value. of the land being the very questions· left to the determination of the court, in view of section 4227, providing the title to the property so set aside shall vest absolutely if the property set apart is all the property owned by decedent at the time of his death, and section 4198, providing the title to the homestead shall not vest absolutely in the widow until it is so set apart, and until it is judicially determined that it is all the real estate owned by decedent, and that it is not of greater value than $2,000.

3. CONSTITUTIONAL LAW ☞70 (3)—LEGISLATIVE QUESTIONS—NOTICE — PROBATE PROCEEDINGS.

That the statute provides for no notice to the next of kin in probate proceedings for homestead allotment, is a matter to be addressed to the Legislature and not to the courts.

4. HOMESTEAD ☞150(2) — DECREE — SETTING ASIDE FOR FRAUD.

A proceeding of the probate court setting apart a homestead to the wife, although no notice was given to the next of kin, is binding, unless it can be successfully attacked for fraud.

5. HOMESTEAD ☞150(2) — DECREE — SETTING ASIDE FOR FRAUD.

Decree of a probate court, allotting homestead to a widow, will not be set aside for fraud in a collateral proceeding, because the widow's affidavit was false as to the amount of land of deceased, as the fraud necessary to set aside a decree of a court of competent jurisdiction must be such as has relation to matters collateral, and not to a fraud in the matter in which the decree was rendered.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Bill in equity by G. S. Douglas and others against Queenie Bishop. Decree sustaining demurrers to bill, and complainants appeal. Affirmed.

This bill was filed by the appellants against the appellee to have canceled and set aside a decree of the probate court of Walker county, setting aside to the respondent in the court below certain lands therein described, consisting of 160 acres, as a homestead. It is shown by the bill that respondent was formerly the wife of one George Douglas, deceased, and that there were no children by said marriage; that complainants are the father and mother of said George Douglas. It is then averred that the deceased died owning 170 acres of land, and in value more than $2,000; that subsequent to the death of the said George Douglas, and before administration was granted on his estate, the said widow (respondent in this cause) petitioned the said probate court to set aside said property as exempt to her as said widow, alleging in the petition that the value and area of the property did not exceed the exemptions allowed by law.

The petition was made Exhibit A to the bill, and contains all allegations necessary under section 4224 of the Code of 1907. The petition was sworn to by the said widow. The order of the court appointing the commissioners to make a full and complete inventory and appraisement of the real and personal property of the decedent, describing the same and stating the value of each item or parcel thereof, and the amount of any incumbrance thereon, if known, and to make return under oath as required by law to the court, is made Exhibit B of the bill. Exhibit C is the report of the commissioners appointed under the order just referred to, setting out each item of personal 'property and its value; the personalty being valued in the aggregate at $775, and also setting aside the homestead, containing 160 acres valued at $1,000, to the widow, and reporting that there were no liens or incumbrances thereon, which said report was duly sworn to. Exhibit D to the bill is the order of the probate court, ordering said report to be filed and recorded, and further ordering and decreeing "that the property of said decedent mentioned therein, real and personal, does not exceed in amount or in value the exemptions allowed in such property ·to the widow of decedent, and that good cause is not shown to the contrary, and the said property is hereby set apart to Mrs. Queenie Douglas, widow of said decedent, as exempt from administration." Then follows a description of the property with the valuation as fixed by the commissioners.

In the sixth paragraph of the bill, as amended, it is averred that respondent committed a fraud upon complainants' rights in reference to the real estate, in averring in the petition that the property did not exceed in amount and value the exemptions allowed by law in favor of the widow. It is further

averred in said bill as amended that this was false, and that in fact the decedent owned at the time of his death 170 acres of land, which is therein described, and that the affidavit made by the widow was false and untrue; that decedent did own more than 160 acres of land at the time of his death; that she (respondent) made said affidavit for the purpose of defrauding said complainants out of their interest in said estate, and thus fraudulently procure the probate court to assume jurisdiction of said matter. That no notice of said proceedings was served on the complainants, nor were they made parties thereto in any manner, or had notice or knowledge of the rendition of said decree until after the expiration of five or six months thereafter, and upon ascertaining the same immediately filed this bill.

The prayer of the bill is that said decree be set aside, and declared void; that the same was procured by fraud, and that respondent be enjoined from taking any interest in said property under said decree, and a general prayer for relief.

Numerous demurrers were filed, attacking the equity of the bill, and that the matter therein set up had been adjudicated in the probate court of Walker county; that the bill, with the exhibits thereto, showed upon its face that the decree rendered was not void, but valid and binding; that the court assumed jurisdiction, and the proceedings were regular, and upon the further ground that the fraud charged in the bill, in making the affidavit, is not sufficient for equitable interference.

The court below entered a decree sustaining the demurrers to the bill as last amended, and from this decree the complainants prosecute this appeal.

Ray & Cooner, of Jasper, for appellants. J. M. Pennington, of Jasper, for appellee.

GARDNER, J. It is not questioned that the petition of the widow, respondent in this cause, seeking to have set aside the property of the decedent, George Douglas, as exempt to her, contained all the necessary averments, and came directly within the provisions of section 4224 of the Code of 1907, providing for setting apart to the widow and minor child, or children, exemptions allowed by law to them when no administration has been had on the estate within 60 days after the death of the decedent. Nor is the regularity of the subsequent proceedings in the probate court in any manner questioned.

[1] It is insisted, however, that the complainants were interested in the property, in the event it is ascertained that the same exceeded the exemptions allowed by law to the widow, and that the proceedings to set aside the same as exempt under the statute were had without notice to them, and are therefore not binding. This is, however, a proceeding in rem, and the argument thus advanced is answered by this court in Headen v. Headen, 171 Ala. 521, 54 South. 646, in the following language:

"It is urged in argument that the probate court had no jurisdiction to render a decree affecting complainant's rights because he was not a party to the proceeding and did not have his day in court. The answer to this contention is that this is a proceeding in rem, in which personal notice is not required. The law intercepts the title, under specified conditions, before it reaches the heirs, and they have no rights in the matter at all except those acccorded by the statutes, viz. to appear and file exceptions to the report of the commissioners if they feel aggrieved thereat."

See, also, Singo v. Fritz, 165 Ala. 658, 51 South. 867; Miller v. First Nat. Bank, 194 Ala. 477, 69 South. 916.

[2] It is further insisted that the bill shows decedent owned 170 acres of land, therefore in excess of the area allowed by law as exempt to the widow, and that consequently the probate court was without jurisdiction under section 4224 et seq. of the Code of 1907. However, the amount and value of the property left by decedent are the very questions which the statute leaves to be determined by the probate court under such proceedings, and provides for the filing of exceptions to the report of the commissioners, fixing the inventory and appraisement of the property. Section 4227 provides that the title to the property so set aside should vest absolutely in the widow and minor child, or children, or either, if the property set apart as exempt and allowed by law as exempt is all the property owned by the decedent at the time of his death. The concluding paragraph of said section 4227 reads as follows:

"But if it be determined by the court that the decedent owned and left at his death more property than was thus set aside, or more than was exempt by law to the widow and minors, the title to the property shall vest in the widow and minors, share and share alike, but only during the life of the widow and minority of the children."

Therefore it clearly appears that these are the two matters left to be determined by the probate court in the mode prescribed. That this is a judicial ascertainment of these facts is further demonstrated, we think, by the provisions of section 4198, dealing with the same subject under different proceedings, wherein it is provided that the title in the homestead shall not vest absolutely in the widow and minor child, or children, or either of them, "until it is so set apart and until it is judicially determined that it is all the real estate owned by the decedent, and that it is not of greater value than $2,000." That the proceedings by the widow in the instant case were in conformity with the statute is not questioned by the bill, and that the probate court acquired jurisdiction of the subject-matter, this being a proceeding in rem, is clearly established by the above-cited authorities.

[3] The argument is advanced that as

these complainants were next of kin, and interested in the question involved in the event it is ascertained that the property exceeded the exemptions allowed by law, the title to the property cannot be defeated by such a proceeding without notice to them; and, if the statute so permits, it is contrary to the Constitution. The statute provides for no notice to be issued to the next of kin. This is a matter which addressed itself to the law-making power, and not to the courts. Answering a like argument in Miller v. First Nat. Bank, supra, the following language was used by this court:

"As the petition, proceedings, and decree of the probate court are here exhibited, it is immaterial whether the property allotted was or was not the actual homestead of decedent, or whether he in fact owned other property or not. The decree cannot be collaterally impeached on those issues, and no fraud in its procurement is either charged or proven. That heirs at law are often ignorant of the pendency and purpose of proceedings by the widow or minor children for homestead allotment, and hence have no real opportunity to contest them, is a grievance which must be redressed by the Legislature and not by the courts."

We are of the opinion that the authorities herein above cited are conclusive as against the insistence here made. They have become a rule of property in this state, and we see no reason to now depart from them.

Counsel insist that the cases of Miles v. Lee, 180 Ala. 439, 61 South. 915, and Hynes v. Underwood, 191 Ala. 90, 67 South. 994, support the contention that the court did not acquire jurisdiction in this case for the reason that the homestead exceeded in area the amount allowed by law as exempt. In the Hynes Case, supra, it was held that the records of the probate court showed that, at the time of the filing of the petition, there was an administration on the estate pending. This was a matter clearly of record, and it was held that the probate court, therefore, had no jurisdiction to entertain the petition under these circumstances, and its decree was therefore coram non judice, and void; the decision being rested upon the case of Miles v. Lee, supra. These decisions only deal with the question of a condition precedent to the entertainment of such a petition, and therefore a condition precedent to the acquiring of jurisdiction by the probate court, which was a matter appearing upon the record, and these cases do not, in our opinion, at all militate against the conclusion here reached in the authorities above cited.

Here, the very questions for the ascertainment of the probate court are the amount of property left by the decedent, and the value thereof. These questions are necessarily to be determined by evidence extrinsic of the record, or in such manner as the commissioners appointed by the court, and the court itself, may deem proper; and provision is made for the proper order in the event the property left is found to be only that which is allowed exempt. Provision is also made for an order to be entered by the court in the event it is determined that the property exceeds the amount allowed by law as exempt. That these are matters which are to be judicially ascertained do not, to our mind, admit of question. The case of Kilgore v. Kilgore, 103 Ala. 614, 15 South. 897, cited by counsel, is readily distinguished from that here presented.

[4] The proceedings, therefore, of the probate court, the irregularity of which is not questioned, are binding, unless the same can be successfully attacked on the ground of fraud. This the complainants have attempted to do by the averments in the bill in regard to the affidavit of the petitioner, respondent in this suit, and that the said petitioner knew that the same was false. The averments in regard to the false affidavit can stand on no higher plane than an averment that the judgment was procured by false testimony of a witness. As we view it, these two averments are in substance practically the same.

[5] We think it may be said to be settled in this state that a decree or judgment of a competent court will not be set aside on a collateral attack merely because it was rested upon perjured testimony, and that the fraud necessary to set aside the judgment of a court of competent jurisdiction must be such as has relation to matters extrinsic or collateral, and not to a fraud, in the matter in which the decree was rendered.

We will not here attempt a review of the authorities or a further discussion of the question. We think the following decisions sufficiently disclose the fraud here alleged is not such fraud as would justify the setting aside of the decree. Hogan v. Scott, 186 Ala. 310, 65 South. 209; De Soto Coal Min. & Dev. Co. v. Hill, 188 Ala. 667, 65 South. 988; De Soto Coal Min. & Dev. Co. v. Hill, 194 Ala. 537, 69 South. 948. The principle announced in these cases is not questioned by counsel for appellant, but the instant case is sought to be differentiated, the contention being that the fraud here charged is such as goes to the jurisdiction of the court and gives to the court what is termed "colorable jurisdiction," against which relief may be awarded, citing Smith on the Law of Fraud, § 225; Evans v. Woodsworth, 213 Ill. 404, 72 N. E. 1082; Burton v. Perry, 146 Ill. 71, 34 N. E. 60; Davis v. Albritton, 127 Ga. 517, 56 S. E. 514, 8 L. R. A. (N. S.) 820, 119 Am. St. Rep. 352; Edson v. Edson, 108 Mass. 590, 11 Am. Rep. 393.

We are not called upon in the instant case to give consideration to this distinction, and to what is said upon that subject in these authorities; and therefore state no conclusion thereon. We are persuaded that, in any event, the case here under consideration discloses that the probate court did acquire jurisdiction of the subject-matter—there had

been no administration on the estate—and the questions as to whether or not the same exceeded that allowed as exempt under the statute, either as to area or value, were the very 'questions to be judicially determined in that proceeding.

It results, therefore, that we are of the opinion the court below properly decreed in sustaining the demurrers to the bill, and the decree will be here accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.