(94 South. 167)

## JONES v. HUBBARD. (2 Div. 794.)

(Supreme Court of Alabama. Oct. 26, 1922.)

1. Executors and administrators ⬅194(6)— Homestead ⬅150(2)—Extent to which decree setting aside widow's homestead and exemptions conclusive stated.

Where a probate court sets aside a widow's homestead and exemptions, the decree is final as to (a) whether deceased at the time of his death owned the property, (b) whether the lands were all the lands he owned at his death and whether they exceeded either in value or area the constitutional limit of a homestead, (c) whether the personalty of which he died seized was worth more than

$1,000, (d) whether the widow was in fact his widow, and (e) whether decedent left surviving him any minor child or children.

2. Executors and administrators ⬅194(6)— Homestead ⬅150(2)—Decree setting aside widow's homestead and exemptions held binding on complainant of age when rendered.

In a suit brought against the administratrix of an estate to vacate a decree of the probate court setting aside homestead and exemptions to the widow, evidence held to support a finding that complainant was over the age of 21 years at the time of decedent's death and that she had knowledge of the proceedings to set aside the homestead and exemptions, so that she was bound by the decree, having taken no appeal therefrom as authorized by Code 1907, § 4216.

Appeal from Circuit Court, Greene County; R. I. Jones, Judge.

Bill by Laura Jones against Catherine Hubbard, as administratrix of the estate of John Hubbard, deceased, to vacate a decree of the probate court. From a decree dismissing the bill, complainant appeals. Affirmed.

Edward De Graffenried, of Tuscaloosa, Hawkins & Hildreth, of Eutaw, and R. B. Evins, of Greensboro, for appellant.

Except in cases of judgments in rem, every person is entitled to his day in court, and a judgment rendered in a case in which the court has not acquired jurisdiction of the person is not conclusive upon such person. 1 Port. 313, 27 Am. Dec. 628; 12 Ala. 823, 46 Am. Dec. 280; 23 Cyc. 1280; 119 Ala. 606, 24 South. 892; 172 Ala. 60, 55 South. 303.

Harwood, McKinley, McQueen & Aldridge, of Eutaw, for appellee.

The decree of the probate court was conclusive upon the complainant, and such decree cannot be collaterally attacked. 53 Ala. 615; 189 Ala. 258, 65 South. 993; 124 Ala. 120, 27 South. 499; 201 Ala. 226, 77 South. 752; 194 Ala. 477, 69 South. 916; 165 Ala. 658, 51 South. 867; 117 Ala. 454, 23 South. 821.

THOMAS, J. The bill sought to vacate a decree of the probate court setting aside homestead and exemptions to the widow of deceased. Copies of the proceeding and decree of the probate court relating to the setting aside of the widow's homestead and personal exemptions are exhibited with the bill and on the pleading the decree of the court held not subject to collateral attack. Edmondson v. Jones, 204 Ala. 133, 85 South. 799; Douglas v. Bishop, 201 Ala. 226, 77 South. 752; Miller v. First Nat. Bank, 194 Ala. 477, 69 South. 916; Hendley v. Chabert, 189 Ala. 258, 65 South. 993; Singo v. Fritz, 165 Ala. 658, 51 South. 867; Moore v. McLure,

124 Ala. 120, 27 South. 499; Friedman v. Shamblin, 117 Ala. 454, 23 South. 821; Waring v. Lewis, 53 Ala. 615.

In Douglas v. Bishop, supra, is contained the observation that the statute providing for no notice to the next of kin in probate proceedings for homestead allotments and setting aside exemptions from estates of decedents is a matter to be addressed to the Legislature and not to the courts (Moore v. McLure, supra); that such proceedings, as setting apart a homestead to the wife, although no notice was given to the next of kin was binding, when consummated by appropriate decrees not sought to be reviewed by appeal, unless the same can be successfully attacked for fraud; and that such a decree will not be set aside for fraud in a "collateral proceeding," because the widow's affidavit was false as to the amount of land the deceased, as the fraud necessary to set aside a decree of a court of competent jurisdiction must be such as has relation to extrinsic matters, and not to a fraud in the matter in which the decree was rendered. Hogan v. Scott, 186 Ala. 310, 65 South. 209; De Soto, etc., Co. v. Hill, 188 Ala. 667, 65 South. 988; s. c., 194 Ala. 537, 69 South. 948.

[1] In the matter of setting aside the widow's homestead and exemptions, the probate court did acquire jurisdiction, and the decree sought to be attacked in the instant case was final and conclusive as to the questions necessary for the probate court to determine, viz: (a) Whether John Hubbard, at the time of his death, owned the real and personal property involved in this suit; (b) whether the lands were all of the lands which he owned at the time of his death, and, if so, whether they exceeded either in value or area the constitutional limit of a homestead; (c) whether the personalty of which he died seized and possessed was in value more than $1,000; (d) whether Catherine Hubbard was in fact his widow; and (e) whether said decedent left surviving him any minor child or children. These questions were directly presented for judicial determination, and finally decided on the proceeding, and by the decree of the probate court exhibited to complainant's bill.

Aside from the foregoing, the cause was tried before the court on pleading and proof and testimony taken orally before the judge. On final hearing it was decreed that complainant was not entitled to the relief prayed, and the bill was dismissed. There was a conflict in the testimony, on the one hand,

as to the age of the plaintiff at the death of her father, that being the time and law applicable (Long v. Brown, 206 Ala. 154, 89 South. 614; Mathews v. Goodenough, 206 Ala. 229, 89 South. 708); and in the testimony as to whether or not complainant had knowledge of the proceedings for ascertaining and setting aside said homestead and exemptions to the widow; respondent's evidence being that she applied in person to the probate office, before consummation of the proceeding now challenged, was informed of the proceeding and acquired that knowledge; that she had filed a petition in that court, alleging that she was the widow of decedent and that decedent left no minor child or children surviving him, praying that all of the real estate and personal property of which he died seized and possessed be set aside to petitioner, the homestead and exemptions provided by statute; that complainant was further informed that the probate court would in all probability confirm the report of the commissioners and decree such ascertainment and allotment; and that complainant (then of full age and under no disability) filed no objection or exception to the report of the commissioners; that by no pleading filed in the probate court has she ever contested or challenged such action of the court in setting aside by decree such personal and homestead exemptions; and that no appeal was taken by her from the order, judgment or decree of that court in such matter or of confirmation of the report of the commissioners and appraisers. Code, § 4216; McDaniel v. McDaniel, 199 Ala. 467, 74 South. 947. See, also, Ex parte Walter, 202 Ala. 281, 80 South. 119.

[2] As stated, the knowledge of such facts, said to have been brought home to complainant after she was of full age, and while the proceedings were in fieri in the probate court was denied by her, testifying in her own behalf. There being ample evidence to support a finding of the court on the testimony, the decree in respect of the finding that complainant was over the age of 21 years at the time of her father's death, and other facts necessary to a recovery, will not now be disturbed. Hackett v. Cash, 196 Ala. 403, 72 South. 52; Andrews v. Grey, 199 Ala. 152, 74 South. 62.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.