(102 So. 230)

**KEENUM et al. v. DODSON et al.**
(6 Div. 157.)

(Supreme Court of Alabama. Nov. 20, 1924.)

1. **Homestead** ⟪⟫141(1)—**Does not vest absolutely in widow where there are surviving minor children.**

A homestead does not vest absolutely in widow either by operation of law or by being set apart as provided by Code 1907, §§ 4198, 4224, where deceased husband left minor surviving children, as they take with widow.

2. **Homestead** ⟪⟫150(1)—**Probate court without jurisdiction to set homestead apart to widow unless no surviving children.**

Code 1907, § 4198, vests title to homestead in widow and minor children jointly, and probate court has no jurisdiction to set same apart, and vest title thereto in widow, to exclusion of minor children.

3. **Judgment** ⟪⟫460(2)—**Bill held not to show that proceedings awarding homestead absolutely to widow was void on its face.**

Where bill to set aside decree of probate court awarding homestead absolutely to widow, alleged that widow's petition left blanks or erasures where words "no minor children" should appear, but decree of probate court recited that widow's petition contained statement that decedent left "no minor children," recital in decree must be taken as true, and therefore bill does not show that proceeding was void upon its face.

4. **Judgment** ⟪⟫460(4)—**Bill held to show fraud in procuring decree vesting homestead absolutely in widow.**

A bill to set aside decree awarding homestead absolutely to wife, alleging that widow's petition stated that there were no minor children, where in fact there were surviving minor children of decedent, held to show fraud in procurement of decree warranting equitable relief, since under Code 1907, § 4198, probate court is without jurisdiction to decree homestead absolutely to widow unless decedent left no minor children.

Somerville and Gardner, JJ., dissenting.

⟪⟫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Fayette County; Ernest Lacy, Judge.

Bill in equity by Ada Dodson and Frank Keenum against Nancy F. Keenum, Hartley Keenum, and J. W. Stewart. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

It is alleged in the bill that W. F. Keenum died in 1910 while residing upon the lands involved in this suit, being all the lands owned by him, less in area than 160 acres, and in value than $2,000, and being his homestead; that decedent left surviving him his widow, Nancy F. Keenum, and Ada Dodson, Frank Keenum and Hartley Keenum, who were minors at the time of decedent's death, children of decedent by a former marriage, the only children, and heirs at law of the decedent. In August, 1920, Nancy F. Keenum petitioned the probate court to set apart the land to her, exempt as a homestead, the petition reciting, as the bill avers, that decedent left surviving him the petitioner, but that several erasures or changes appear in this paragraph of the petition, from which it is apparent that other names were originally written or referred to therein, and that it does not show decedent did not leave other heirs. It is averred that complainants are unable to state whether these changes or erasures were made before or after signature by the petitioner, or before or after consideration of the petition by the court; but that the petitioner knew of the interest of complainants in the land at the time she signed the petition, and subsequently. It is further averred that thereafter an order was made by the probate court appointing commissioners to set apart exemptions to the petitioner; that the commissioners filed a report setting apart as exempt the lands involved, which report was, in September, 1920, confirmed by the court, and an order or decree was made by the court purporting to vest title to the lands absolutely in the petitioner, said Nancy F. Keenum. It is averred that complainants had no notice of this proceeding, were not before the court, and did not know of the order or decree made until a few months before the filing of this bill; that said decree was obtained by fraud, in that said Nancy F. Keenum falsely and knowingly represented to the court that she was the only person entitled to share in the estate, and led the court to believe there were no other heirs; and that the probate court was without jurisdiction to hear and determine the petition.

It is further alleged in the bill that in October, 1922, Nancy F. Keenum undertook to convey the lands to J. W. Stewart, executing a deed to him, and taking from him a mortgage to secure the major portion of the purchase price; that Stewart was not an innocent purchaser, but had full knowledge of complainants' interests. Hartley Keenum is made a party respondent for the reason that he has some interest in the lands, and has declined to join with complainants in their bill.

The prayer is for cancellation or setting aside of the decree of the probate court; cancellation of the conveyance to Stewart, or, in the alternative, that complainants be entitled to their proportionate shares of the unpaid purchase price due by Stewart; and, if the deed is set aside, for a sale of the lands for division among the parties.

Wm. W. Monroe, of Fayette, for appellants.

The attack made on the decree of the probate court is collateral and the fraud alleged is not sufficient to set it aside. Singo v. McGhee, 160 Ala. 245, 49 So. 291; Miller v. First Nat. Bank, 194 Ala. 481, 69 So. 916; Douglas v. Bishop, 201 Ala. 226, 77 So. 752; Miller v. Thompson, 209 Ala. 469, 96 So. 482; Hogan v. Scott, 186 Ala. 310, 65 So. 209; De Soto C. M. & D. Co. v. Hill, 188 Ala. 667, 65 So. 988; Jones v. Hubbard, 208 Ala. 269, 94 So. 167.

S. T. Wright, of Fayette, for appellees.

The widow and minor children, there being no adult heirs, took the homestead absolutely. Code 1907, §§ 4196, 4198; Long v. Brown, 206 Ala. 154, 89 So. 614; Mathews v. Goodenough, 206 Ala. 229, 89 So. 708; Hall v. Hall, 171 Ala. 621, 55 So. 146. The petition was not sufficient to give jurisdiction to the probate court. Miller v. Thompson, 209 Ala. 469, 96 So. 481.

ANDERSON, C. J. [1-3] In order for the homestead to have vested absolutely in the widow either by operation of law or after being set apart as provided by sections 4198 and 4224 of the Code of 1907, the deceased husband must have left no surviving minor children, as they take with the widow and their right cannot be divested by a proceeding under sections 4224 or 4198 which latter provision relates to heirs of the decedent other than the widow and minor children. In other words, the amendment, as added to section 4198 of the Code of 1907, makes no change in the vesture of the homestead in the widow and minor children as against creditors or purchasers, but simply provides that in order for the title to vest absolutely, that is, in the widow and minor children left by the decedent as against the adult heirs, the same must be set apart. Miles v. Lee, 180 Ala. 439, 61 So. 915. The statute, having vested the title to the homestead in the widow and minor children jointly the probate court, had no jurisdiction or power to set the same apart and vest the title thereto in the widow to the exclusion of the minor children. The probate court only had the jurisdiction in the instant case to declare the ownership in the widow absolutely and exclusively, upon an averment in the

petition and proof that the decedent left no minor children. Therefore if we construe the present bill as charging that the petition did not contain this essential averment, the probate court had no jurisdiction to render the decree in question, and the decree would be void notwithstanding its recital of jurisdictional facts. Singo v. McGhee, 160 Ala. 245, 49 So. 290, and cases there cited. On the other hand, the bill sets out the proceedings of the probate court, and charges that the petition, after reciting that decedent left surviving his widow, contained certain blanks or erasures. Consequently, we have a petition setting forth that decedent left the widow, and instead of saying "and no minor children," a blank or erasure where this should appear. The decree of the probate court recites that the petition contained the statement that decedent left "no minor children," and that, it "appearing that the averments were true," relief was granted and the title to the homestead was vested absolutely in the widow. We think that the averments and exhibits must be construed as showing that the petition when filed and considered by the probate court contained the averment that the decedent left "no minor children," and that the bill does not show that the proceedings are void upon the face of same.

[4] The foregoing being true, the bill makes out a case of fraud upon the court in the concoction or procurement of the decree, as it not only shows that the same was based upon false proof, but upon a false petition invoking the power or jurisdiction of the court to award the homestead to the widow to the exclusion of the minor children. Danne v. Stroecker, 210 Ala. 483, 98 So. 479. The fraud here charged goes to the falsity of the petition, which was essential to give the probate court jurisdiction to decree the homestead absolutely and exclusively to the widow as it had no authority to do so unless the decedent left no minor children. Smith on the Law of Fraud, § 225; Evans v. Woodsworth, 213 Ill. 404, 72 N. E. 1082; Davis v. Allbritton, 127 Ga. 517, 56 S. E. 514, 8 L. R. A. (N. S.) 820, 119 Am. St. Rep. 352; Edson v. Edson, 108 Mass. 590, 11 Am. Rep. 393.

This court pretermitted a decision of this question, and the approval of the authorities, supra, in the case of Douglas v. Bishop, 201 Ala. 226, 77 So. 752, upon the idea that the falsity of the petition there charged did not go to or affect the jurisdiction of the court. We were in error in holding that the falsity of the petition as charged in the bill did not affect the jurisdiction of the probate court under section 4224 of the Code of 1907. This provision only allows the homestead to be set aside after the expiration of 60 days from the death of the decedent and no administration upon his estate, when the property left does not exceed in amount and value

the exemption. Therefore, if the decedent left 170 acres of land, and the petition set forth that he owned not exceeding 160 acres, as charged in the bill of complaint in the case of Douglas v. Bishop, supra, this false averment of the petition went to the jurisdiction of the court. Brooks v. Johns, 119 Ala. 412, 24 So. 345; Chamblee v. Cole, 128 Ala. 649, 30 So. 630; Singo v. McGhee, 160 Ala. 245, 49 So. 290. True, the court was divided in the last case, but there was no division on the point that this was not a jurisdictional question to be set up in the petition, a majority holding that the petition in effect averred that the decedent owned no other property at the time of his death. The statute gives the probate court jurisdiction only in two instances for setting apart the homestead, to wit, by section 4224, which provides for doing so when the property left by the decedent does not exceed the exemptions, and when no administration is granted within 60 days, and under certain preceding sections when the estate is undergoing administration. Miles v. Lee, 180 Ala. 439, 61 So. 915.

True, as stated in the opinion in the case of Douglas v. Bishop, supra, the question of whether or not the property exceeded the exemptions as to quantity or value was the very question to be ascertained but if it was ascertained that it was in excess of the exemption the court had no jurisdiction to set the same apart under section 4224 of the Code. The case of Douglas v. Bishop, supra, must be overruled, in so far as it holds that the question involved did not go to the jurisdiction of the probate court under section 4224 of the Code of 1907. The cases of McDonald v. McAlily, 206 Ala. 105, 89 So. 198, and Jones v. Hubbard, 208 Ala. 269, 94 So. 167, approve the holding in the case of Douglas v. Bishop, supra, and to this extent must be overruled. While the case of Jones v. Hubbard, supra, cited and quoted from the Bishop Case, the opinion proceeded to discuss and affirm the case on the merits, and not upon the theory that such a bill could not be maintained. The case of Hogan v. Scott, 186 Ala. 310, 65 So. 209, is also overruled or qualified in so far as it may be in conflict with the present holding.

The decree not being void upon its face, and as above noted it being charged as having been procured through fraud and requiring proof of extraneous facts to establish same, the complainants had the right to resort to a court of equity as for a cancellation or reformation of the decree whether in possession or not. True, in the case of Hogan v. Scott, 186 Ala. 310, 65 So. 209, it was held that the complainant had a plain and adequate remedy at law, as the law and not the decree fixed the title. Whether this holding was sound or not, it was stressed in the opinion that the owner died when the Code of 1896 was in force, and before the amendment as appears in section 4198 of the Code

of 1907, requiring that the homestead be set apart in order to vest the title absolutely in the widow and minor children as against the other heirs of the decedent, and this case must be governed by the Code of 1907. As pointed out in the case of Jones v. Hubbard, 208 Ala. 269, 94 So. 167, among the facts to be ascertained and determined by the decree was whether or not the decedent left any minor children.

As above indicated, the bill of complaint does not proceed upon the theory that the proceedings are void upon their face; hence those grounds of demurrer testing such a feature of the bill are inapt, and were properly overruled. The bill presents sufficient facts to make out a case for equitable relief for fraud in the procurement or concoction of the decree of the probate court, whereby the absolute title to the homestead was vested in the respondent widow to the exclusion of those who were the minor children of the decedent at the time of his death, and the trial court did not err in overruling the demurrers directed against this feature of said bill.

The decree of the circuit court is affirmed. Affirmed.

SAYRE, THOMAS, MILLER, and BOULDIN, JJ., concur.

SOMERVILLE and GARDNER, JJ., dissent.