(104 So. 515)

**EVANS et al. v. EVANS.   (5 Div. 916.)**

(Supreme Court of Alabama.   May 28, 1925.)

1. **Homestead** ⊜⇒150(1) — **Proceeding under statute to set apart homestead, begun after grant of administration, void.**

   That no administration had been granted on estate is a jurisdictional averment of a petition under Code 1923, §§ 7920, 7948, to set apart homestead, and a proceeding begun after administration is granted is therefore void.

2. **Homestead** ⊜⇒150(1)—**Probate court's jurisdiction to set aside homestead under statute ceases after administration settled.**

   The jurisdiction of the probate court to set aside homestead exemptions under Code 1923, §§ 7929 and 7931, ceases after the administration is finally settled and the administrator discharged.

3. **Homestead** ⊜⇒150(1)—**Homestead may be set apart in equity proceedings.**

   The homestead right is a favored one, and does not depend upon statutory provisions to set it apart, but may be set aside in equity where jurisdiction of the res is obtained upon recognized equitable grounds.

4. **Homestead** ⊜⇒150(1)—**Bill showing right to homestead and lack of statutory remedy not demurrable for lack of equity.**

   A bill in equity, showing the conditions entitling widow to fee estate in lands of deceased husband, and that statutory remedy is not available for her relief, shows a special equity, and is not demurrable for want of equity, in view of Code 1923, § 6465, subd. 1.

5. **Equity** ⊜⇒219—**Defense of laches raised by demurrer only when affirmatively shown by bill.**

   The defense of laches can only be raised by demurrer when affirmatively shown by the bill, not for failure to show want of laches.

Appeal from Circuit Court, Elmore County; George F. Smoot, Judge.

Bill in equity by Emma E. Evans against J. L. Evans and others, to fix homestead rights. Decree for complainant, and respondents appeal. Affirmed.

Tate & Reneau, of Wetumpka, and Martin, Thompson, Foster & Turner, of Birmingham, for appellants.

A court of equity has no jurisdiction of a bill for the allotment of homestead without the averment of some special equity except under the conditions named in Code 1907, §

4147. Beck v. Karr, 209 Ala. 199, 95 So. 881. Equity aids the vigilant, not those who slumber on their rights. 1 Pomeroy's Eq. Jur. (3d Ed.) 695. Authorities relied upon by appellee are inapt.

P. K. Shirley, of Wetumpka, for appellee.

J. Sanford Mullins, of Alexander City, amicus curæ.

After final settlement of the administration, the probate court lost jurisdiction for the purpose of setting apart homestead. Miles v. Lee, 180 Ala. 439, 61 So. 915. The bill shows a special equity. Medley v. Shipes, 177 Ala. 94, 58 So. 304. Laches must be set up by proper plea. Parker v. Jones, 67 Ala. 234; Sands v. Hammell, 108 Ala. 628, 18 So. 489.

BOULDIN, J.   This is a bill in equity to judicially determine the homestead right of a widow. The heirs at law are made defendants. The decedent died intestate, leaving a surviving widow and no minor children. At the time of his death he owned real estate not exceeding in area and value the homestead exempt to the widow.

There was administration on the estate of the decedent, and pending administration the widow filed her petition in the probate court to have the homestead set apart and her title judicially ascertained. Pending the report of commissioners and before a decree of confirmation, a final settlement of the estate was had and the administration closed.

The theory of the bill is that the proceedings to allot the homestead abated when the pendency of the administration ceased; that the statutory jurisdiction of the probate court has failed, and complainant is entitled to proceed in equity for want of an adequate remedy at law. The demurrer challenges the jurisdiction of the court of equity in the premises.

"When the homestead set apart to the widow and minor child or children, or either, constitutes all the real estate owned in this state by the decedent at the time of his death, the title of such homestead vests absolutely in them, whether there be administration on the estate of the decedent or not; but the title to the homestead shall not vest absolutely in them as against the other heirs of decedent until it is' so set apart and until it is judicially determined that it is all the real estate owned by the decedent, and that it is not of greater value than two thousand dollars. * * *" Code 1923, § 7920 (4198).

[1] Section 7948 (4224) provides for setting apart exemptions to the widow and minor child or children, or either, in the probate court, in the absence of an administration of the estate. That no administration has been granted on the estate is a jurisdictional averment of the petition under that statute, and a proceeding begun after grant of ad-

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ministration is void. Hynes v. Underwood, 191 Ala. 90, 67 So. 994.

[2] Sections 7929 (4207) et seq. make provision for setting apart the homestead by appraisers or commissioners in course of administration. Section 7931 (4209) authorizes the widow, on failure of the appraisers to act, to make application invoking the jurisdiction of the probate court to set apart her homestead. This proceeding is incident to the administration of the estate, and the jurisdiction of the probate court in the homestead proceeding is by virtue of its jurisdiction of the estate for purposes of administration. After the administration is finally settled and the administrator discharged, the probate court ceases to have further jurisdiction to set apart exemptions under any of the above Code provisions. Miles v. Lee, 180 Ala. 439, 61 So. 915.

[3] The homestead right is a favored one. It does not depend upon statutory provisions to set it apart. It may be claimed and set apart in equity where jurisdiction of the res has been obtained upon recognized equitable grounds. Kennedy v. First Nat. Bank of Tuscaloosa, 107 Ala. 170, 18 So. 396, 36 L. R. A. 308.

[4] O'Daniel v. Gaynor, 150 Ala. 205, 43 So. 205, was an original bill in equity by the widow to judicially declare an estate insolvent and thereby enlarge her life estate in the homestead to a fee. Code 1923, § 7918 (4196). The statutes provide for a decree of insolvency on the report of the administrator in the probate court. It was declared:

"The judicial ascertainment required is not limited to a decree consequent only on report by the personal representatives. * * * Hence, in a proper case, a court of chancery will, in the absence of adequate remedy in the probate court, if the administration of the estate is pending there, grant relief, to the purpose that the enlarged estate in the homestead may be vested."

This decision was prior to the amendment to section 4196, Code of 1907, providing for a sale through a court of equity for reinvestment. It is a direct authority that, in the absence of a statutory remedy to ascertain the facts upon which the enlarged estate depends, the remedy is in equity. See, also, Medley v. Shipes, 177 Ala. 94, 58 So. 304.

The case of Miles v. Lee, 180 Ala. 439, 61 So. 915, was a collateral attack upon probate proceedings in an ejectment suit arising after the death of the widow. The court said:

"The decree of the probate court setting the homestead aside after a final administration of the estate was coram non judice. The setting apart and judicial ascertainment of the extent and value of the estate must be by a court of competent jurisdiction, and which said jurisdiction is given the probate court in certain instances, and in cases where the probate court has not, or has lost, jurisdiction, if it once existed, the chancery court, or perhaps other tribunals, could do so; but this is a question we need not decide, as it should be set apart during the life of the widow or minority of the children in order to cut off the other heirs."

While this statement of the law was arguendo, as appears therein, it was a forecast of the mind of the court in cases of this sort, suggested probably by the case of Medley v. Shipes, just cited in the same opinion.

Beck v. Karr, 209 Ala. 199, 95 So. 881, is relied upon by appellants. That was a bill in equity to set aside a homestead in lands of greater value than the exemptions allowed the widow and minor children. There had been no administration of the estate. The court said:

"The complainant has a clear and adequate remedy in the probate court by administering on the estate for having a homestead allotted to her and the minor children."

That case was rested upon the ground that no special equity was shown, in that there appeared an adequate remedy at law. The jurisdiction of a court of equity extends:

"To all civil causes in which a plain and adequate remedy is not provided in the other judicial tribunals." Code 1923, § 6465, subd. 1.

We conclude that a bill showing the conditions under which a widow is entitled to an estate in fee in the lands of her deceased husband, and the statutory remedy to judicially ascertain the facts, upon which her estate depends, is not available, shows a special equity, and is not subject to demurrer for want of equity.

The question of laches is presented in brief. The ground of demurrer raising this issue is No. 6, as follows:

"For aught that appears from said bill, the failure to perfect said decree was due to complainant's own fault or negligence."

[5] The defense of laches can only be raised by demurrer when affirmatively shown by the bill, not for failure to show want of laches. The bill does not affirmatively show the failure of the probate court to enter the proper order while it had jurisdiction was due to any fault or neglect of complainant.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.