175 So. 284

## MILLER v. MILLER.

### 5 Div. 248.

Supreme Court of Alabama.

May 13, 1937.

Rehearing Stricken June 24, 1937.

Pruet & Glass, of Ashland, for appellant.

454

Wilbanks & Wilbanks, of Dadeville, for appellee.

THOMAS, Justice.

The appeal and assignments of error challenge the overruling of demurrers to the bill as amended. The appeal was taken under section 6079, Code.

This is an original bill in the nature of a bill of review grounded upon fraud in the procurement of the decree, which it seeks to annul. Hogan v. Scott, 186 Ala. 310, 65 So. 209. While it is not subject to the requirement that permission of the court must be obtained for the filing, this consent was obtained and indorsed on the bill by the trial judge, without requiring or fixing bond under the provisions of section 6607 of the Code. Nation v. Nation, 206 Ala. 397, 90 So. 494.

There was no error in overruling appellant's motion to dismiss the amended bill for failure to execute a bond under the provisions of section 6607, Code. No such bond was required or fixed by the court when consent to file the bill was granted. It was not a condition precedent to the filing and maintenance of such a bill. The status quo had not changed.

No bar of the statute had intervened. Section 8966, Code.

Under the facts averred, appellee was not guilty of laches barring her suit for review, as the bill was filed within a year after discovery of the alleged fraud. Section 6608, Code; Nichols v. Dill, 222 Ala. 455, 132 So. 900; Davis v. Davis, 211 Ala. 317, 100 So. 345; Heflin v. Ashford, 85 Ala. 125, 3 So. 760.

A decree for divorce may be impeached, as any other decree, by the injured party, for fraud within the rules that obtain. Ex parte Kay, 215 Ala. 569, 112 So. 147; Bailes v. Bailes, 220 Ala. 177, 124 So. 214; Cunningham v. Wood, 224 Ala. 288, 140 So. 351. It is unnecessary to recite the rule that obtains, other than to say that the same is stated by Mr. Pomeroy and adjudged in our decisions. 6 Pom.Eq.Jur. 1092; 2d Pom.Eq. Rem. § 248.

The fraud for which chancery will set aside a judgment at law must be fraud in the very act of procuring that judgment or in its concoction, and must be extrinsic or collateral to the matter which was tried and determined by the judgment in question. Sims v. Riggins, 201 Ala. 99, 77 So. 393; Keenum v. Dodson, 212 Ala. 146, 147, 102 So. 230; Hogan v. Scott, 186

Ala. 310, 65 So. 209; De Sota Coal Min. & Dev. Co. v. Hill, 194 Ala. 537, 69 So. 948; Peters Mineral Land Co. v. Hooper, 208 Ala. 324, 94 So. 606; Henley v. Rucker, 208 Ala. 165, 93 So. 879; Jones v. Hubbard, 208 Ala. 269, 94 So. 167; Bolden v. Sloss, Sheffield S. & I. Co., 215 Ala. 334, 110 So. 574, 49 A.L.R. 1206; Nichols v. Dill, 222 Ala. 455, 132 So. 900; and applied in chancery in Phillips v. Phillips, 223 Ala. 475, 136 So. 785; McGathey v. Thompson, 224 Ala. 163, 138 So. 841; Jones v. Henderson, 228 Ala. 273, 153 So. 214; Montgomery, Supt. of Banks v. Hammond, 228 Ala. 449, 153 So. 654; Williams v. Overcast et al., 229 Ala. 119, 155 So. 543; Wright v. Fannin, 229 Ala. 278, 156 So. 849; Brasher v. First Nat. Bank of Birmingham, 232 Ala. 340, 168 So. 42; Williams v. Uptagrafft, 232 Ala. 454, 168 So. 570; 6 Pom.Eq.Juris. 1092, 2 Pom. 3649.

■ The suit must be brought within the time prescribed by the statute and the facts excusing delay. Hatton v. Moseley, 229 Ala. 240, 156 So. 546.

■ In Brown v. Brown, 178 Ala. 121, 59 So. 48; Perry v. Perry, 230 Ala. 502, 162 So. 101, it is declared that the requirements for averment and proof of voluntary abandonment are (1) a final departure; (2) without consent of the other party to the marriage; (3) without sufficient excuse or reason therefor; (4) without the intention to return; and (5) for two years. Section 7407, Code.

■ The allegation of facts in the bill, as last amended, shows a fraud on the court in the procurement of the judgment and within the rule of our latest decisions (Keenum v. Dodson, 212 Ala. 146, 102 So. 230; Bolden v. Sloss-Sheffield S. & I. Co., 215 Ala. 334, 110 So. 574, 49 A.L.R. 1206) that obtains for bills in the nature of a bill for review. We should here observe that we have had some conflict in our cases concerning the question and rule of setting aside a decree or judgment for fraud or deceit. In Keenum v. Dodson, supra, and Bolden v. Sloss-Sheffield S. & I. Co., supra the rule that obtains is declared.

However, we are of the opinion that this case comes within the rule as to setting aside judgments or decrees for fraud upon proof of extraneous facts. It is not here a disputed issue of fact sought to be reopened and retried, but extraneous proof to the effect that there was imposition upon the court in representing to the court testimony which in fact was not given by the witness. This is by extraneous proof and comes within the rule of the authorities, and we are not here concerned with any conflicting views heretofore noted in cases of this character.

We may further observe that where the jurisdiction of the court is invoked and obtained by a fraudulent "concoction" and the fraud is consummated through the instrumentality of a court of justice, it would impeach the moral sense and that of justice that courts be not protected against such fraud. Sims v. Riggins, 201 Ala. 99, 101, 105, 106, 77 So. 393. The like observation is contained in Bolden v. Sloss-Sheffield Steel & Iron Co., 215 Ala. 334, 110 So. 574, 575, 49 A.L.R. 1206. It is as follows:

"We can conceive of no worse reflection upon a judicial system, no lowering of its dignity and of the respect due to its findings more regrettable than that the tribunal of justice may become an impotent agency of fraud against those who look to it for protection. * * * That the fraudulent scheme contemplated perjury and was consummated thereby does not lessen the call to the jurisdiction of a court of equity."

There was no error in overruling demurrers to the bill as last amended, and the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ. concur.